O

# United States District Court
# Central District of California

FULL TILT BOOGIE, LLC,

           Plaintiff,

    v.

KEP FORTUNE, LLC, et al.,

           Defendants,

Case № 2:19-cv-09090-ODW (KESx)

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT [211] [212]**

## I.    INTRODUCTION

In this franchise dispute litigation, Plaintiff-franchisee Full Tilt Boogie, LLC brings suit against Defendants-franchisors KEP Fortune, LLC, Jeroen Bik, and Miray Bik (Jeroen and Miray[1] together, the "Biks" or "Bik Defendants").  Both sides now move for summary judgment ("Motions").  (Defs. Mot. Summ. J. ("DMSJ"), ECF No. 211; Full Tilt & James R. Kirner ("Full Tilt Parties" or "FTP") Mot. Summ. J. ("FTMSJ"), ECF No. 212.)  For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** both Motions.[2]

---

[1] The Court uses the Biks' first names for clarity and efficiency.  No disrespect is intended.
[2] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

KEP is a franchisor operating under the name Klein Epstein & Parker, whose stores sell made-to-measure clothing.  (Full Tilt Parties Statement Uncontroverted Facts ("FTSF") 13–14, ECF No. 212-1.)  Its business model is to operate and sell the right to operate these stores, as KEP does not manufacture its own inventory and instead obtains it from third-party suppliers.  (FTSF 15–16.)

In 2017, Full Tilt was considering purchasing a KEP-branded store franchise. KEP provided Full Tilt with its Franchise Disclosure Document ("FDD"), which had been registered with the California Department of Business Oversight.  (FTSF 1; *see* Defs. Statement Uncontroverted Facts ("DSF") 3, 9, ECF No. 211-3; Decl. James R. Kirner ("Kirner Decl.") Ex. 1[3] at 2–20 ("FDD"), ECF No. 212-4.)  In the FDD, the Biks represent themselves as "franchise seller offering the franchise," "Co-Founder," and "Partner" of KEP.  (FTSF 3–4; FDD 9; Kirner Decl. Ex. 1 at 21–48 ("Franchise Agreement" or "FA") at 47, ECF No. 212-4.)  KEP also disclosed certain legally required information in the FDD, including: "Item 8," "Restrictions," prohibiting KEP from "deriv[ing] any revenue" from purchases that KEP would require of Full Tilt; and "Item 19," "Financial Performance Representations," based on other KEP stores operating in Southern California.  (FDD 14–15, 28–29.)

On August 28, 2017, Full Tilt purchased a KEP-franchise from KEP and the Biks.  KEP and Full Tilt executed the FA, which included a "General Release" and a non-compete covenant.  (FTSF 6–8; DSF 1, 10; FA 34, 40, 41–45.)  Full Tilt paid KEP and the Biks an initial franchise fee of $49,000.  (DSF 8.)

In December 2017, Full Tilt opened its KEP store in Caesar's Palace Hotel and Casino in Las Vegas, Nevada, where it operated until 2019 when it relocated to The Palazzo hotel in the same city.  (*See* FTSF 38; DSF 7.)  Under the FA, Full Tilt was not permitted to market its store on the internet, including to provide information

---

[3] For this exhibit, which includes relevant excerpts of the FDD and FA, the Court cites to the CM/ECF header page number.  The complete FDD/FA is also filed with the Complaint.  (ECF No. 1-1 & 1-2.)

about its new location.  (FTSF 41–42.)  KEP maintained the exclusive website for all KEP-branded stores but did not update that website to reflect Full Tilt's new location. (FTSF 39.)

KEP also did not fulfill Full Tilt's inventory orders in a timely manner and increased prices on inventory it required Full Tilt to purchase from KEP and on shipping costs it required Full Tilt to pay to KEP.  (FTSF 45–46.)  In 2019, Full Tilt became suspicious of these increases and, although KEP prohibited it, Full Tilt contacted KEP's third-party suppliers.  (FTSF 18, 46–48.)  Full Tilt learned that KEP had increased its prices to Full Tilt without a corresponding increase in KEP's costs, so that KEP was charging Full Tilt more for required inventory than KEP paid, and more than KEP charged other KEP-owned stores for the same inventory.  (FTSF 30–31, 34–35.)  KEP also charged Full Tilt more for shipping on Full Tilt's inventory orders than KEP paid for that shipping.  (FTSF 32–33, 36.)  Thus, the parties do not dispute that KEP generated revenue on the purchases it required from Full Tilt. (FTSF 37; Defs. Statement Genuine Disputes ("DSGD") 37, ECF No. 216-3.)

When Full Tilt began challenging KEP's above business practices in 2019, (FTSF 49), KEP withheld Full Tilt's inventory shipments and informed Full Tilt it was locked out of the internal computer system used for essential business functions, (FTSF 50–54; Kirner Decl. ¶ 21, Ex. 6, ECF Nos. 212-3, 212-9).  On October 24, 2019, Full Tilt sent KEP a Notice of Rescission of Franchise Agreement and Lawsuit, rescinding the FA due to KEP and Jeroen's "wrongful acts" and "fraudulent representations."  (FTSF 61;  Kirner Decl.  Ex. 4  ("Rescission Notice"), ECF No. 212-7.)

At the same time, on October 22, 2019, Full Tilt initiated this lawsuit against KEP and the Biks to confirm Full Tilt's rescission of the FA.  Full Tilt brings eleven claims against some or all Defendants: (1) fraudulent misrepresentation, (2) fraudulent omission, (3) negligent misrepresentation, (4) violation of the California Franchise Investment Law ("CFIL"), (5) breach of contract, (6) breach of the covenant of good

faith and fair dealing, (7) unjust enrichment, (8) unfair business practices, (9) rescission, (10) violation of the Nevada Deceptive Trade Practices Act ("NDTPA"), and (11) intentional interference with contractual relations ("Claim One" through "Claim Eleven," respectively). (Compl. ¶¶ 62–131, ECF No. 1.) KEP counterclaimed against Full Tilt and its principal, James R. Kirner.[4] (Countercl., ECF No. 31.) KEP asserts six counterclaims against one or both Full Tilt Parties: (1) breach of contract, (2) accounting, (3) declaratory relief, (4) injunctive relief, (5) unfair competition, and (6) breach of the covenant of good faith and fair dealing. (*Id.* ¶¶ 38–71.)[5]

During this litigation, the Court has sanctioned Defendants and their (now former) counsel for various discovery misconduct. (*See* May 2021 R&R, ECF No. 67; June 2021 R&R, ECF No. 72; July 2021 Order Accepting R&Rs, ECF No. 80; Oct. 2021 R&R, ECF No. 168; Oct. 2021 Final R&R, ECF No. 173; Oct. 2021 Order Accepting Final R&R, ECF No. 175.) Pursuant to these Orders, Full Tilt's Requests for Admissions are deemed admitted, KEP is prohibited from introducing certain evidence and seeking certain damages, and the finder of fact may infer adverse inferences against KEP regarding its failure to produce certain evidence in discovery. The Court addresses these sanctions below only as necessary.

Defendants move for summary judgment as to all Full Tilt's claims and the Full Tilt Parties move for summary judgment on Full Tilt's first nine claims and all KEP's counterclaims.[6]

---

[4] KEP also named The Jimmy K, Inc. as a Counterdefendant, but the record in this case does not reflect that KEP has ever served The Jimmy K, Inc. with its Counterclaim. As the time has long passed for such service and as KEP can offer no good cause for the failure to serve, the Court hereby **DISMISSES** The Jimmy K, Inc. from this action. *See* Fed. R. Civ. P. 4(m).

[5] The claims KEP substantively pleads in the body of its Counterclaim differ from those listed in the caption. (*Compare* Countercl. at 1, *with* ¶¶ 48–58.) For the purposes of the Motions, the Court accepts KEP's substantively pleaded allegations as KEP's intended counterclaims.

[6] The parties filed motions for summary judgment once before, but the Court found the briefing and evidence egregiously disorganized and noncompliant with both federal and local rules. (*See, e.g.*, ECF Nos. 84, 128.) The Court struck those filings and granted the parties one more opportunity to file compliant motions. (Order Striking Mots., ECF No. 203.) The instant Motions are the result.

## III.   EVIDENTIARY MATTERS

The parties raise a host of evidentiary objections in support of and in opposition to the Motions and both sides submit requests for judicial notice ("RJN") of specific documents.  (*See* Defs. RJN, ECF No. 211-3; FTP RJN, ECF No. 217-23; FTP Objs. DSF & Evid., ECF No. 218-1; DSGD; Defs. Obj. & Mot. Strike Ex. B-6, ECF No. 216-4; FTP Objs. Decl. Jeroen Bik, ECF No. 220-21; FTP Objs. DSGD & Evid., ECF No. 220-22; Defs. Obj. & Mot. Strike Suppl. Evid., ECF No. 221.)  The Court finds it "unnecessary and impractical . . . to methodically scrutinize each objection and give a full analysis of each argument raised."  *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009).  Instead, the Court first applies general rules and principles of which the parties have run afoul, and then addresses specific remaining issues.

### A.   Generally Applicable Rules & Principles

First, any evidentiary objections not set forth in a separate memorandum are in violation of this Court's Scheduling and Case Management Order ("Case Order") and the Court therefore disregards them.[7]   (Case Order 8, ECF No. 37 ("Evidentiary objections should be addressed in a separate memorandum . . . .").)

Next, to the extent the parties include boilerplate objections to evidence, improper argument, or statements of law in their statements of fact, the Court **OVERRULES** all boilerplate objections and disregards all improper argument and statements of law.[8]   (*See* Case Order 7–9.)   All objections based on relevance, foundation, or legal conclusions are duplicative of the summary judgment standard itself and the Court therefore **OVERRULES** such objections.  *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).  When objected evidence is unnecessary to the resolution of the summary judgment motions or supports facts

---

[7] (*See generally* DSGD.)
[8] (*See, e.g.*, DSF 13–15; Defs. Additional Material Facts 1, ECF No. 216-3.)

not in dispute, the Court need not resolve those objections here. *See id.* at 1122 (proceeding with only necessary rulings on evidentiary objections).

Finally, it is a party's duty to lay out its argument and evidence clearly. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). Parties may not "clog the system by presenting [courts] with a slubby mass of words rather than a true brief." *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). This includes citations that are merely "[g]eneral references without page or line numbers," as these are "not sufficiently specific." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). To the extent the Court is unable to identify, locate, or read evidence submitted in support of a stated fact, or to the extent evidence fails to comply with this Court's orders, the Court does not consider that evidence.[9] Any statement of fact consequently unsupported is deemed undisputed. C.D. Cal. L.R. 56-3.

**B.   Specific Requests & Objections**

*1.*   Full Tilt's Requests for Admissions to KEP ("RFA") have been deemed admitted. (July 2021 Order Accepting R&Rs; *see* Decl. Jennifer R. Lloyd ISO FTMSJ Ex. B-1 (RFAs), ECF No. 212-11.) Defendants' repeated attempts to disavow or undermine these admissions are contrary to Court orders and the Court summarily strikes them. *See* Fed. R. Civ. P. 36, 37, 41(b).

*2.*   The Court **DENIES** Defendants' RJN, seeking judicial notice of Full Tilt's Complaint in this action, because the Court need not judicially notice pleadings in the present record to consider them.

*3.*   The Court **GRANTS** the Full Tilt Parties' RJN and takes judicial notice of KEP's filing with the Delaware Secretary of State. *See Grant v. Aurora Loan*

---

[9] (*See, e.g.*, DSGD (citing variously and without specificity: Decl. Jeroen Bik ("Bik Decl.") ISO Defs. Opp'n, ECF No. 216-1 (no pin cites, noncompliant formatting); Bik Decl. ISO Defs. Opp'n Ex. A, ECF Nos. 216–6 to 216-10 (240-page exhibit, no bates, no pin cites); Bik Decl. ISO Defs. Opp'n Ex. D1, ECF Nos. 216-28 to 216-31 (145-page exhibit, no bates, no pin cites); Bik Decl. ISO DMSJ Ex. 8, ECF No. 211-12 (exhibit illegible)).)

*Svcs., Inc.*, 736 F. Supp. 2d 1257, 1265 (C.D. Cal. 2010) (collecting cases and granting request for judicial notice of filings with Secretary of State).

4.     The Court **SUSTAINS** the Full Tilt Parties' objections to DSF, (ECF No. 218), and to DSGD, (ECF No. 220-22), for the following reasons in addition to those above: unsupported by competent evidence; misstates evidence; and attempts to circumvent this Court's orders regarding discovery.

5.     The Court **SUSTAINS** the Full Tilt Parties' objections to Defendants' Bik Declaration, (ECF No. 220-21), for the following reasons, in addition to those discussed above: includes argument that is not responsive to the Full Tilt Parties' Motion, and attempts to circumvent this Court's orders regarding discovery.   The Court does not consider the Bik Declaration filed in support of Defendants' opposition to the Full Tilt Parties' Motion, (ECF No. 216-1).

6.     The Court **OVERRULES** and **DENIES AS MOOT** Defendants' Objection and Motion to Strike the Full Tilt Parties' Bagalis Report, (ECF No. 216-4), and Defendants' Objection and Motion to Strike the Full Tilt Parties' Supplemental Declarations and Evidence, (ECF No. 221), because the Court does not rely on these materials in ruling on the Motions.

## IV.     LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A disputed fact is "material" where it might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the moving party satisfies its initial burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt"

about a material issue of fact precludes summary judgment.  *See id.* at 324; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must show that there are "genuine factual issues that . . . may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250) (emphasis omitted).  Courts should grant summary judgment against a party who fails to make a sufficient showing on an element essential to her case when she will ultimately bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322–23.

In ruling on summary judgment motions, courts "view the facts and draw reasonable inferences in the light most favorable" to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks omitted).  Thus, when parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006).  The court considers "each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).  The Court may assume that material facts claimed and adequately supported are undisputed except to the extent that such material facts are (a) included in the opposing party's responsive statement of disputes *and* (b) controverted by declaration or competent written evidence.  C.D. Cal. L.R. 56-3.

## V.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue that they are entitled to summary judgment because: Full Tilt's claims are preempted, time-barred, and released; Full Tilt's damages are contractually limited; and the Biks cannot be not liable for Full Tilt's claims.

### A.   CFIL Preemption

Defendants first argue Full Tilt's claims are preempted by the CFIL, California Corporations Code section 31306.  (DMSJ 17–24.)  That statute states: "Except as explicitly provided [under the CFIL], no civil liability in favor of any private party

shall arise against any person by implication from or as a result of the violation of any provision of this law or any rule or order hereunder." Cal. Corp. Code § 31306. The statute continues with a saving clause: "Nothing in this chapter shall limit any liability which may exist by virtue of any other statute or under common law if [the CFIL] were not in effect." *Id.* Thus, the CFIL preempts only "those allegations of fraud that are based on CFIL violations," while "ensuring that any claims beyond the CFIL's coverage may be brought independently." *Samica Enters., LLC v. Mail Boxes Etc.*, 637 F. Supp. 2d 712, 721–22 (C.D. Cal. 2008).

Defendants contend Full Tilt's Claims One through Three and Five through Ten are preempted under section 31306 because these claims rest on allegations of fraud that could be, and are, brought under the CFIL. (DMSJ 17–24.) The Full Tilt Parties counter that these claims all arise independently from the CFIL and are therefore not preempted. (FTP Opp'n DMSJ ("FT Opp'n") 21–23, ECF No. 217.)

1.    *Claims One Through Three*

Defendants fail to identify what CFIL sections they contend cover Full Tilt's first three claims for fraudulent misrepresentation (Claim One), fraudulent omission (Claim Two), and negligent misrepresentation (Claim Three). (*See* DMSJ 17–18.) Nevertheless, the Court identifies two: section 31200 contemplates "liability for misleading statements contained in documents filed with the Commissioner of Corporations" and "section 31201 involves misleading statements . . . other than those matters contained in documents filed with the Commissioner." *People ex rel. Dep't of Corp. v. SpeeDee Oil Change Sys.*, 95 Cal. App. 4th 709, 721–22 (2002) ("*SpeeDee Oil*"). Thus, pursuant to section 31306, claims resting on alleged misrepresentations falling within the scope of these two sections may be raised only under the CFIL.

In Claims One through Three, Full Tilt alleges Defendants willfully "made numerous affirmative misrepresentations [in the FDD and to Full Tilt] regarding the franchise being offered" to induce Full Tilt to purchase the franchise, (Compl. ¶ 63); willfully omitted required disclosures and necessary material facts from the FDD and

communications with Full Tilt, (*id.* ¶ 71); and, alternatively, made these misrepresentations or omissions negligently, (*id.* ¶ 79).  Full Tilt alleges it justifiably relied on these misrepresentations and omissions "in deciding to purchase a franchise with KEP and in signing the" FA.  (*Id.* ¶¶ 65–66; *see also id.* ¶¶ 73–74, 80–81.)  Full Tilt's first three claims rest exclusively on alleged misrepresentations and omissions statutorily covered by the CFIL, sections 31200 and 31201.  As such, they are preempted.  *See Pinkberry Ventures, Inc. v. Penninsular Grp., LLC*, No. 13-cv-02146 PSG (SSx), 2013 WL 12145606, at *3 (C.D. Cal. Dec. 17, 2013) (finding the CFIL preempted a claim for fraudulent misrepresentation because the facts on which the claim arose could be and were raised under the CFIL).

The Full Tilt Parties argue Claims One through Three may still be maintained against Defendants "based on . . . every fraudulent statement they made *after* execution of the Franchise Agreement," including increased fees and costs.  (FT Opp'n 22.)  However, in the Complaint, Full Tilt premised Claims One through Three entirely on events occurring before it executed the FA, events designed to induce Full Tilt's franchise purchase.  (*See* Compl. ¶¶ 63–69, 71–77, 79–83.)  Missing from these Claims is any allegation of misrepresentations *after* the FA was executed, and Full Tilt cannot survive summary judgment on these claims by raising allegations or theories of liability for the first time in opposition.  *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079–80 (9th Cir. 2008) (finding that, where the complaint lacks the necessary factual allegations, raising them on summary judgment "is insufficient to present the claim to the district court"); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir.2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.").

As Full Tilt's Claims One through Three rest on allegations that could support a claim under the CFIL, they are preempted.  Cal. Corp. Code § 31306.

2.    *Claims Five Through Ten*

Defendants also contend the CFIL preempts Full Tilt's claims for breach of contract (Claim Five), breach of the implied covenant of good faith and fair dealing (Claim Six), unjust enrichment (Claim Seven), unfair business practices (Claim Eight), and NDTPA (Claim Ten).[10]    (DMSJ 19–23; *see* Compl. ¶¶ 91–131.) Defendants again fail to identify any section of the CFIL that might encompass these claims.  Instead, Defendants simply argue the claims are preempted because they rest on the same facts as the fraud and misrepresentation claims.

In **Claim Five**, Full Tilt alleges KEP breached the FA by forcing Full Tilt to pay for goods it did not order and withholding future shipments of goods in response to Full Tilt's challenge to Defendants' business practices.  (Compl. ¶ 94.)  Similarly, in **Claim Seven**, Full Tilt alternatively alleges that KEP has been unjustly enriched by overcharging Full Tilt for goods and shipping and by requiring Full Tilt to pay for goods it did not order.  (*Id.* ¶ 107.)  These allegations differ materially from those underlying the fraud and misrepresentation claims.  Further, the Full Tilt Parties submit evidence supporting these allegations, which evidence Defendants do not oppose or refute.  (*See* FTP Additional Material Facts ("FTAMF") 66–70, ECF No. 217-1.[11])  Accordingly, Claims Five and Seven arise independently of, and are therefore not preempted by, the CFIL.

In **Claim Six**, Full Tilt asserts that KEP breached the implied covenant of good faith and fair dealing by "soliciting one of Full Tilt's employees," and by failing to advertise Full Tilt's new location after Full Tilt moved to the Palazzo.  (Compl. ¶¶ 49, 54, 99, 100).  The Full Tilt Parties submit evidence establishing that KEP did not

---

[10] Defendants also argue Full Tilt's claim for rescission (Claim Nine) is preempted.  (DMSJ 23.) Rescission is a remedy and not an independent cause of action.  *See Samica*, 637 F. Supp. 2d at 728. Defendants fail to explain how the *remedy* of rescission is preempted here, and the Court declines to develop Defendants' arguments for them.  *See Sekiya*, 508 F.3d at 1200.

[11] Defendants do not dispute or otherwise respond to FTAMF 36–82, and the Court accordingly finds these facts undisputed.  *See* C.D. Cal. L.R. 56-3.

advertise Full Tilt's new location.  (FTAMF 56.)  Thus, Claim Six does not rely on alleged fraud, misrepresentations, or omissions, and it is not preempted by the CFIL.

In **Claim Eight**, Full Tilt alleges KEP engaged in an unfair business practice by including a non-competition clause in the FA, in contravention of California Business and Professions Code sections 16600.  (Compl. ¶¶ 112–13.)  The evidence reflects that the FA contains a non-competition provision.  (*See* FA 34, 42–45.)  Claim Eight rests on the California Business and Professions Code and not the CFIL, and therefore is not preempted by the CFIL.

Lastly, in **Claim Ten**, Full Tilt alleges KEP violated the NDTPA when it failed to comply with the Federal Trade Commission Franchise Rule regarding required disclosures in the FDD, 16 C.F.R. § 436.5.  (Compl. ¶ 122.)  Full Tilt asserts the same allegation in support of its claim that KEP violated the CFIL ("Claim Four"), (*see id.* ¶¶ 56, 85), and this claim is accordingly preempted.  The Full Tilt Parties do not oppose Defendants' Motion as to preemption of Claim Ten, and therefore concede the issue.  (*See generally* FT Opp'n); *see, e.g.*, *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding the plaintiff abandoned claims by not addressing them in opposition to motion for summary judgment).  Accordingly, the Court finds Claim Ten preempted by the CFIL.  *See* Cal. Corp. Code § 31306.

### 3.    Conclusion—CFIL Preemption

The CFIL preempts Full Tilt's Claims One through Three and Ten, for fraudulent misrepresentation, fraudulent omission, negligent misrepresentation, and violation of the NDTPA.  Accordingly, the Court **GRANTS IN PART** Defendants' Motion on this basis as to Claims One, Two, Three, and Ten.  However, Defendants have not met their initial burden to establish that the CFIL preempts the remainder of Full Tilt's claims, or alternatively, the Full Tilt Parties raise genuine disputes of material fact regarding preemption of these claims.  Accordingly, the Court **DENIES IN PART** Defendants' Motion on this basis as to Claims Five through Nine.

**B.    Statute of Limitations**

Defendants next contend Full Tilt's Claims One through Ten are time-barred. (DMSJ 12–23.)  As Claims One through Three and Ten are preempted and Claim Nine is not an independent cause of action, the Court addresses Defendants' argument concerning time limitations only as to Claims Four through Eight.

The CFIL limitations period applies to claims arising under the CFIL, as Claim Four does in this case.  *See* Cal. Corp. Code § 31303; (DMSJ 14–17).  Defendants argue Full Tilt's remaining claims are time-barred under the one-year limitations period in the FA.  (*See* DMSJ 18–23.)  This is an affirmative defense, on which Defendants bear the burden of proof. *Filosa v. Alagappan*, 59 Cal. App. 5th 772, 778 (2020).  Although application of a time limitations is normally a question of fact, summary judgment may be appropriate when the "evidence is susceptible of only one reasonable conclusion," *id.*, or "there is an absence of evidence to support" Defendants' defense, *Samica*, 637 F. Supp. 2d at 717 (quoting *Celotex*, 477 U.S. at 325).

*1.     CFIL—Claim Four*

Full Tilt brings Claim Four, violation of the CFIL, pursuant to California Corporations Code sections 31110,[12] 31200, and 31202.  (Compl. ¶¶ 85–87.) Section 31303 of the CFIL provides the limitations period for each of these provisions. *See SpeeDee Oil*, 95 Cal. App. 4th at 721.  That section states:

> No action shall be maintained to enforce any liability created under Section 31300 unless brought before the expiration of **four years after the act or transaction** constituting the violation, the expiration of **one year after the discovery by the plaintiff of the fact** constituting the violation, or 90 days after delivery to the franchisee of a written notice disclosing any violation of Section 31110 or 31200 . . . .

---

[12] Full Tilt alleges Defendants violated "Section 31111 of the CFIL," (Compl. ¶ 85), but the parties discuss only section 31110 in their Motion papers, (*see* DMSJ 15; FT Opp'n 16, 18).  Accordingly, the Court finds: (a) Full Tilt's intent was to raise this allegation under section 31110, (b) Defendants are sufficiently informed of this intent, and (c) the allegation identifying "Section 31111" is an error.

Cal. Corp. Code § 31303 (emphasis added). Thus, "Section 31303 provides for a four-year period of time in which to file suit" and a "one-year statute of limitations from the date of 'discovery by the plaintiff of the facts constituting' a violation." *SpeeDee Oil*, 95 Cal. App. 4th at 722. There is no issue in this case as to the ninety-day statute of limitations, as neither party contends KEP ever sent Full Tilt a written notice disclosing a CFIL violation. (*See* FT Opp'n 9 n.4; *cf.* DMSJ 23.)

Delayed discovery and tolling rules "do not apply in the case of a [CFIL] claim." *SpeeDee Oil*, 95 Cal. App. 4th at 724. The four-year ban is "absolute," and "a plaintiff's belated discovery of the fact constituting the violation cannot serve to extend" it. *Id.* at 727. Within that four-year period, the one-year "discovery" period "begins to run from the date that a claimant knows of the facts constituting a violation," even if a plaintiff is unaware that a violation has occurred. *United Studios of Self Def., Inc. v. Rinehart*, No. 8:18-cv-01048-DOC (DFMx), 2019 WL 1109682, at *6 (C.D. Cal. Feb. 22, 2019) (citing *Powell v. Coffee Beanery, Ltd.*, 932 F. Supp. 985, 988 (E.D. Mich. 1996) (interpreting the CFIL)).

Full Tilt asserts Defendants violated section 31110 "by selling to Full Tilt a franchise using a[n] [FDD] that did not comply with federal law or the CFIL," (Compl. ¶ 85), and violated sections 31200 and 31202 by failing to disclose material facts and making untrue statements of material fact in the FDD, (*id.* ¶¶ 86–87). Accordingly, for purposes of the four-year period in section 31303, execution of the FA is the "act or transaction constituting the violation." The parties executed the FA on August 28, 2017. (DSF 1.) Full Tilt filed this action on October 22, 2019. (DSF 12.) Therefore, Full Tilt asserted its CFIL claim within the four-year period set forth in section 31303 and Claim Four is not time-barred on this basis.

Turning to the one-year "discovery" period, because Full Tilt filed its Complaint on October 22, 2019, Defendants must establish that Full Tilt discovered "the fact constituting the [CFIL] violation," Cal. Corp. Code § 31303, prior to October 22, 2018. However, Defendants offer no competent evidence regarding when

Full Tilt discovered the factual basis for its CFIL claim.  Instead, Defendants rely entirely on Full Tilt's allegation in the Complaint that Full Tilt "immediately began experiencing problems" upon opening its KEP store in December 2017.  (*See* DMSJ 16:1–5.)  Even accepting this allegation as true and sufficient to establish a proven fact, Full Tilt "experiencing problems" is a far cry from Full Tilt discovering that KEP willfully provided false information or willfully omitted necessary information from the FDD.  Defendants' argument that Full Tilt should have known that the FDD violated the law by the date the parties executed the FA is equally unsupported.  (*See* DMSJ 16:17–25.)

Conversely, the Full Tilt Parties submit declaration testimony, Defendants' admissions, and Defendants' own representations in this litigation, that: (a) Defendants concealed pricing information from Full Tilt, (b) Full Tilt only contacted third party vendors in 2019, and (c) Full Tilt only learned of concealed pricing and cost differentials in 2019.  (*See* FTAMF 41, 62–65.)  Thus, even if Defendants had offered evidence that Full Tilt discovered facts underlying its CFIL claims prior to October 22, 2018, the Full Tilt Parties have raised a genuine dispute regarding that date of discovery.

As Defendants fail to establish that Full Tilt discovered the necessary facts before October 22, 2018, and as the Full Tilt Parties raise a genuine dispute of material fact regarding the discovery date, the Court **DENIES** Defendants' Motion as to this issue.

## 2.  *Franchise Agreement—Claims Five through Eight*

Defendants also argue Full Tilt's claims for breach of contract (Claim Five), breach of the implied covenant (Claim Six), unjust enrichment (Claim Seven), and unfair business practices (Claim Eight) are barred by the one-year limitations period in the FA.  (DMSJ 18–23; FA 38 (limiting any claim concerning the FA to "one (1) year from the date on which Franchisee or Franchisor knew or should have known, in the exercise of reasonable diligence, of the facts giving rise to the claim")).)

The parties agree that contracting parties may assent to a shorter limitations period than legally required, provided the period is reasonable, and no party here contends the FA's limitations period is *un*reasonable in this case.  (*See* FT Opp'n 14; DMSJ 17.)   Nevertheless, the Court finds the parties' briefing on this issue—the reasonableness of the FA's one-year limitations period—deficient and inadequate for the Court to conclude the limitations period is reasonable as a matter of law.  *See Sekiya*, 508 F.3d at 1200.

Even assuming the FA's one-year limitation is reasonable and applicable to Full Tilt's Claims Five through Eight, Defendants' Motion fails here for the same reason it fails above: Defendants do not articulate, and do not submit evidence to demonstrate, that Full Tilt "knew or should have known" of any specific facts giving rise to these claims on any date before October 22, 2018.  (*See* FA 38.)   As to Claim Five, Defendants assert only that Full Tilt did not disclose in discovery the dates on which Full Tilt contends KEP breached the FA.  (DMSJ 20–21.)   But establishing that a claim is time-barred is an affirmative defense, on which *Defendants* bear the burden. *See Filosa*, 59 Cal. App. 5th at 778.   Defendants' hyperbolic proclamation—that it is "[in]conceivable" and "ludicrous" that any of the alleged breaches could have occurred within the limitations period—simply does not establish that none of the alleged breaches did.   Defendants' challenges to Claims Six through Eight are even more anemic, as Defendants only conclude that each claim "is also barred by the one-year . . . limitation[] pursuant to the [FA]."  (*See* DMSJ 21, 22, 23.)

As the statute of limitations is an affirmative defense on which Defendants bear the burden of proof, these failures are fatal to Defendants' Motion on this issue.  *See Filosa*, 59 Cal. App. 5th at 778; *Celotex,* 477 U.S. at 322.   Accordingly, the Court **DENIES** Defendants' Motion on this issue.

### C.   General Release

Defendants next argue that Full Tilt released all claims concerning the FA or FDD that are based on allegations of fraud in the inducement of the FA.  (DMSJ 25.)

Of Full Tilt's remaining Claims Four through Eight, the Court found above that Claims Five through Eight do not rest on allegations of fraud in the inducement. *See supra* Section V.A.2. Accordingly, Defendants' argument here applies only to Claim Four, for violation of the CFIL.

The parties do not dispute that Full Tilt and KEP executed a "General Release" in the FA. (DSF 10; FA 41.) The Release provides that Full Tilt waives "any and all causes of action . . . whatsoever, in law or in equity" against Defendants that Full Tilt "had, now ha[s] or may have . . . from the beginning of the world to the date of this [Release] arising out of or related to the Franchise or the [FA]." (DSF 27.) However, the CFIL includes a non-waiver statute, section 31512,[13] "that voids provisions in a franchise agreement purporting to waive any of the protections under the [CFIL]." *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 10 (2001), *as modified* (July 10, 2001); *1-800-Got Junk? LLC v. Super. Ct.*, 189 Cal. App. 4th 500, 517 (2010), *as modified* (Nov. 19, 2010). Therefore, to the extent Defendants argue the General Release waives Full Tilt's claim for violation of the CFIL, the Release is void under section 31512 and Defendants' argument fails.

Thus, Defendants fail to establish that Full Tilt waived any claims by executing the General Release and the Court **DENIES** Defendants' Motion on this issue.

### D.    Claim Eleven

Defendants also move for summary judgment on Claim Eleven, for intentional interference with contractual relations. (DMSJ 24.) Defendants argue Claim Eleven lacks factual and evidentiary support. *See Celotex*, 477 U.S. at 323–24. The Full Tilt Parties do not address this argument in their Opposition or otherwise raise a genuine issue for trial. (*See generally* FT Opp'n.) Accordingly, the Full Tilt Parties concede the claim, *see Jenkins*, 398 F.3d at 1095 n.4, and the Court **GRANTS** Defendants' Motion as to Full Tilt's Claim Eleven.

---

[13] Section 31512 provides: "Any condition, stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this law or any rule or order hereunder is void."

### E.      Full Tilt's Damages

Defendants next argue Full Tilt's damages in this action are limited to actual damages pursuant to the FA, and, specifically, refund of the franchise and royalty fees.[14]  (DMSJ 24.)

The parties do not dispute that, pursuant to the FA, the franchisee (Full Tilt) and franchisor (KEP) are limited to actual damages for any dispute between them.  (FA 38 (§ 22.5 Limitation of Damages).)  The same FA provision also limits the franchisee's contract damages in a suit against the franchisor "to refund of [f]ranchisee's Franchise Fee and Royalty Fees."  (*Id.*)  Thus, Defendants satisfy their initial burden on summary judgment to establish the FA limits Full Tilt's damages.

The Full Tilt Parties contend they rescinded the FA and are therefore entitled to rescission damages.  (FT Opp'n 20–21.)  The CFIL provides that a franchisee may sue to rescind a franchise agreement if the franchisor willfully violates the CFIL.  Cal. Corp. Code § 31300.[15]  If rescinded, the FA holds no force or effect.  *See Rescission*, Black's Law Dictionary (11th ed. 2019).  The Full Tilt Parties submit evidence indicating that, in October 2019, they sent KEP a notice that Full Tilt was rescinding the FA due to KEP's wrongful conduct.  (*See* Rescission Notice.)  Full Tilt brings this action to confirm rescission of the FA and seeks rescission damages.  (Compl., Prayer for Relief ¶¶ 1, 4.)  The Full Tilt Parties also submit undisputed facts and evidence suggesting that Defendants: purposefully misrepresented that KEP would derive no revenue from Full Tilt's required purchases; controlled the prices KEP charged Full Tilt to ensure KEP did derive revenue from Full Tilt; and prohibited Full Tilt from communicating with suppliers, to conceal the cost differential.  (*See* DSF 33; FTAMF 41–43, 45–50, 53–55, 62.)  Thus, the Full Tilt Parties raise a genuine question

---

[14] Defendants mention "CFIL" in the heading of this argument, as a second source of limitation on Full Tilt's damages, but Defendants offer no argument, legal authority, or evidence in support thereof.  Thus, the Court considers Defendants' damages argument as pertaining to only the FA.

[15] Section 31300 provides: "Any person who offers or sells a franchise in violation of [specific CFIL sections] shall be liable to the franchisee . . . , and if the violation is willful, the franchisee may also sue for rescission."  Cal. Corp. Code § 31300.

of material fact as to whether Defendants willfully violated the CFIL, thereby entitling Full Tilt to rescission of the FA and rescission damages.  Accordingly, the Court **DENIES** Defendants' Motion on the issue of damages.

### F.    Liability of Bik Defendants

Finally, Defendants argue "Jeroen Bik and Miray Bik were not parties to the [FA]" and therefore they must be dismissed.  (DMSJ 25.)  This is the entirety of Defendants' argument.  Defendants' failure to develop or support this argument with analysis, evidence, or legal authority justifies denying the Motion on the issue. *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014) ("We decline to address this undeveloped argument, which is not supported by citations to the record, argument, or any legal authority."); *Sekiya*, 508 F.3d at 1200.  Accordingly, the Court **DENIES** Defendants' Motion on the issue of the Bik Defendants' liability.

### G.    Conclusion—Defendants' Motion for Summary Judgment

In summary, the Court **GRANTS** Defendants' Motion as to Full Tilt's Claims One, Two, Three, Ten, and Eleven.  The Court **DENIES** Defendants' Motion as to all other claims and issues.

## VI.    FULL TILT PARTIES' MOTION FOR SUMMARY JUDGMENT

The Full Tilt Parties seek summary judgment on Full Tilt's Claims One through Six, Eight, and Nine, as well as all KEP's counterclaims.  (*See* FTMSJ 11–23.)  As the CFIL preempts Full Tilt's Claims One through Three, the Court considers the Full Tilt Parties' Motion only as to Full Tilt's Claims Four, Five, Six, Eight, and Nine.[16]

### A.    Full Tilt's Claims Four & Nine

The Full Tilt Parties move for summary judgment on Full Tilt's Claim Four, for Defendants' violation of the CFIL section 31200 and 31202,[17] and Claim Nine, for rescission pursuant to CFIL section 31300.  (FTMSJ 11–15, 19–20.)

---

[16] The Full Tilt Parties suggest they move for summary judgment on Full Tilt's first nine claims, (*see* FTMSJ 1, n.2), but they offer no argument in support of summary judgment on Claim Seven.

[17] Although Full Tilt pleaded Claim Four for violation of CFIL sections 31110, 31200, and 31202, the Full Tilt Parties move for summary judgment only as to violation of sections 31200 and 31202.

### 1. Claim Four—CFIL Violation

As described above, section 31200 "prohibits misleading representations and omissions found in registered documents." *Samica*, 637 F. Supp. 2d at 726. Section 31202 prohibits "willfully untrue statements or omissions made in any statement required to be disclosed in writing pursuant to section 31101," which concerns exemption requirements. *See id.* at 724 (internal quotation marks omitted). These sections are actionable pursuant to section 31300, which permits a franchisor or franchisee to sue for damages caused by the misrepresentation or omission.

Courts have required plaintiffs bringing a CFIL claim under one of these sections to establish essentially the same elements as those required for common law fraud claims, including causation, a material false statement or omission, and the plaintiff's reasonable reliance. *Id.* at 723; *see also Lee v. Gen. Nutrition Cos.*, No. cv 00-13550-LGB (AJWx), 2001 WL 34032651, at *6 (C.D. Cal. Nov. 26, 2001) (noting that CFIL section 31300 "require[s] reasonable reliance"); *Cal. Bagel Co. v. Am. Bagel Co.*, No. cv 97-8863-MMM (MANx), 2000 WL 35798199, at *18–20 (C.D. Cal. June 2, 2000) (same, regarding section 31200).

The Full Tilt Parties submit evidence showing that KEP affirmatively represented in the FDD that KEP would not derive revenue from purchases it required of Full Tilt. (FTSF 21.) They also establish that this representation was false because KEP consistently generated revenue from Full Tilt's required purchases, shipping, unordered inventory, and marked up prices. (*See* FTSF 30–34, 36, 37.) Further, the FA integration clause expressly identifies the FDD as an incorporated document, on which Full Tilt was entitled to rely in executing the FA. (*See* FTSF 67; FA 35.) The Full Tilt Parties support that KEP's misrepresentation was material to Full Tilt's decision to purchase the franchise because the misrepresentation undercut the financial viability of the franchise. (*See* FTMSJ 14 (citing FTSF 22–23); Kirner Decl. ¶¶ 7, 13.) As a result of KEP's misrepresentation, Full Tilt incurred unanticipated costs and suffered diminished profits. (*See* FTSF 21–23, 27, 28, 30–38.) The Court

finds the foregoing sufficient to establish that KEP violated the CFIL by misrepresenting material terms in the FDD. Accordingly, the burden shifts to Defendants to raise a genuine dispute of material fact regarding this claim.

To oppose the Full Tilt Parties' Motion, Defendants merely recycle their own Motion and argue that Full Tilt's CFIL claim is time-barred. (Defs. Opp'n FTMSJ ("Defs. Opp'n") 3–6, 8–14, ECF No. 216.) They do not otherwise oppose or even respond to the Full Tilt Parties' Motion on the merits of the CFIL claim. (*See generally id.*) Defendants argue only that Full Tilt should have known from the time it opened its KEP-branded store or by the time it received initial invoices that the costs for inventory and shipping were higher than anticipated. (*Id.* at 8–14.) Defendants' statute of limitations argument fails again here for several reasons, the foremost of which is the same reason it failed above: Defendants submit no competent evidence to support these assertions. Instead, Defendants rely exclusively on Full Tilt's allegation in the Complaint that "Full Tilt opened its store in December 2017 and immediately began to experience problems." (*Id.* at 9 (internal quotation marks omitted).) But Defendants may not merely rest on the pleadings to survive summary judgment on this claim. *See Celotex*, 477 U.S. at 324. Defendants must do more than mutely point to the Complaint, particularly when Defendants "will bear the burden of proof at trial," *id.* at 322, as they will on this affirmative defense.

Defendants offer no competent evidence as to a date of discovery, or to refute the Full Tilt Parties' showing on the merits of the CFIL violation. Therefore, Defendants fail to raise a genuine issue for trial as to Full Tilt's Claim Four. The Court thus **GRANTS** the Full Tilt Parties' Motion as to Claim Four.

### 2.     *Bik Defendants' Liability on Claim Four*

The Full Tilt Parties also seek summary judgment as to the Bik Defendants' liability on Full Tilt's claim for violation of the CFIL. (FTMSJ 18–19.) Section 31300 of the CFIL provides that a franchisor who sells a franchise in violation of the disclosure requirements in sections 31200 or 31202 is liable under the CFIL. The

CFIL also provides for joint and several liability of partners, executive officers, and individuals who control the franchisor.  Cal. Corp. Code § 31302.

The Full Tilt Parties submit evidence that the Bik Defendants qualify as franchisors or individuals controlling the franchisor under these sections.  The parties do not dispute that the Bik Defendants represented themselves in the FDD as KEP's "Co-Founder," "Partner," and "franchise seller offering the franchise."  (FTSF 3, 4; FDD 8; FA 47.)  Thus, the Bik Defendants inhabit roles within KEP that "directly or indirectly control[] [the] person liable under Section 31300."  *See* Cal. Corp. Code § 31302.  Defendants do not oppose the Full Tilt Parties' Motion on this issue, (*see generally* Defs. Opp'n), and Defendants' sole affirmative argument concerning the Bik Defendants' liability, (DMSJ 25), is undeveloped, unsupported, and therefore disregarded.  *See supra* Section V.F.; *Ventress*, 747 F.3d at 723.

Accordingly, the Court **GRANTS** the Full Tilt Parties' Motion and finds the Bik Defendants are jointly and severally liable with KEP on Full Tilt's Claim Four.

### 3.    Claim Nine—Rescission

Section 31300 permits a franchisor or franchisee to sue for "damages caused" by the misrepresentation or omission, and if the untrue statement or omission is willful, "the franchisee may also sue for rescission."  The Full Tilt Parties do not define "willful" for purposes of section 31300.  Nevertheless, courts have concluded that "section 31300 does not require that the defendant knowingly violate the law."  *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 172 (9th Cir. 1989).  "Rather, one acts 'willfully' when he or she acts with a 'purpose or willingness to commit the act.'"   *Migliore v. Dental Fix Rx, LLC*, No. cv 15-04257-BRO (SSx), 2016 WL 7656130, at *7 (C.D. Cal. July 28, 2016) (quoting *People v. Gonda*, 138 Cal. App. 3d 774, 778 (1982) (interpreting "willful" in the context of criminal CFIL section 31410)).

The Full Tilt Parties argue that, "[b]ecause Defendants . . . chose to markup Full Tilt's required inventory purchases," and required "Full Tilt to purchase items" it did

not order or want, "Defendants willfully violated the CFIL." (FTMSJ 14.) They continue, "This is a willful violation of the CFIL because Defendants failed to disclose that Full Tilt would be required to purchase inventory from KEP that Full Tilt did not order." (*Id.*) However, these conclusory assertions fail to satisfy the Full Tilt Parties' initial burden on summary judgment to establish the CFIL violation was "willful." *See Celotex*, 477 U.S. at 322. That Defendants required certain inventory purchases or marked up inventory and shipping costs does not *necessarily* mean Defendants purposefully or willingly omitted required purchases from the FDD, or purposefully or willingly misrepresented that they would derive no revenue from Full Tilt's required purchases.

The Court finds the Full Tilt Parties fail to establish they are entitled to judgment as a matter of law on Claim Nine for rescission of the FA. Accordingly, the Court **DENIES** the Motion on this claim. The issue of Defendants' willfulness, and consequently rescission of the FA, must be resolved by the finder of fact at trial.

### B.     Full Tilt's Claims Five, Six, & Eight

The Full Tilt Parties move for summary judgment as to Full Tilt's Claims Five (breach of contract), Six (breach of the implied covenant), and Eight (unfair business practice). (FTMSJ 16–18.) Each of these claims depends in the first instance on the existence of a valid contract and therefore on resolution of Full Tilt's Claim Nine for rescission. As the Full Tilt Parties' Motion is insufficient to resolve the question of rescission, the Court cannot resolve Full Tilt's Claims Five, Six, and Eight on summary judgment. Accordingly, the Court **DENIES** the Full Tilt Parties' Motion as to these claims.

### C.     KEP's Counterclaims

The Full Tilt Parties also seek summary judgment on all KEP's substantive counterclaims: breach of contract, unfair competition, and breach of the implied covenant. (FTMSJ 20–23; *see* Countercl. ¶¶ 38–44, 59–71.) They argue first that KEP cannot establish its claims for breach of contract or unfair competition because

KEP lacks the necessary evidence, and also that KEP impermissibly premises its claim for breach of the implied covenant on the same allegations as its claim for breach of contract.  (FTMSJ 20–23); *see Celotex*, 477 U.S. at 325 (finding that the moving party need only point to the absence of evidence essential to the nonmoving party's claim to shift the burden on summary judgment).  Defendants do not oppose the Full Tilt Parties' Motion as to KEP's counterclaims or otherwise address these arguments in their Opposition.  (*See generally* Defs. Opp'n.)  As such, Defendants concede these counterclaims.  *See, e.g.*, *Jenkins*, 398 F.3d at 1095 n.4.  Accordingly, the Court **GRANTS** the Full Tilt Parties' Motion as to KEP's substantive counterclaims.

KEP's remaining counterclaims, for accounting, declaratory relief, and injunctive relief, are not independent causes of action but remedies.  (*See* Countercl. ¶¶ 45–58; FTMSJ 20 n.16.)  As KEP's substantive counterclaims fail, KEP is not entitled to any remedies.  *See Samica*, 637 F. Supp. 2d at 728.  Accordingly, the Court also **GRANTS** the Full Tilt Parties' Motion as to KEP's remaining counterclaims.

### D.     Conclusion—Full Tilt Parties' Motion for Summary Judgment

In summary, the Court **GRANTS** the Full Tilt Parties' Motion as to Full Tilt's Claim Four, the Bik Defendants' liability thereon, and all KEP's counterclaims.  The Court **DENIES** the Full Tilt Parties' Motion on Full Tilt's Claims Five, Six, Eight, and Nine.

## VII.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** both Motions for Summary Judgment.  Specifically, the Court **GRANTS** Defendants' Motion as to Full Tilt's Claims One, Two, Three, Ten, and Eleven, and **DENIES** Defendants' Motion as to all other claims and issues.  The Court **GRANTS** the Full Tilt Parties' Motion as to Full Tilt's Claim Four, the Bik Defendants' liability thereon, and all KEP's counterclaims, and **DENIES** the Motion as to Full Tilt's Claims Five, Six, Eight, and Nine.

The Court **ORDERS** the parties to submit a joint report **within thirty (30) days** of the date of this order proposing pretrial and trial dates.  The Court also **ORDERS** the parties to engage in **mediation within sixty (60) days** of the date of this order.

**IT IS SO ORDERED**.

July 29, 2022

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**