**HOWARD & HOWARD ATTORNEYS PLLC**
David C. Van Dyke (Bar No. 294892)
dvd@h2law.com
200 S. Michigan Ave, Suite 1100
Chicago, IL 60604
Tel: 312-456-3641
Fax: 312-939-5617
*Attorneys for Plaintiff/Counter-Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Full Tilt Boogie, LLC, a Nevada limited liability company,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>KEP Fortune, LLC, a Delaware limited liability company, et al.,<br><br>Defendant/Counter-Plaintiff. | Case No.: 2:19-cv-09090-ODW-KES<br><br>**PLAINTIFF/COUNTER-DEFENDANT FULL TILT BOOGIE LLC'S MEMORANDUM OF CONTENTIONS**<br><br>Pretrial Conference: February 23, 2023<br>Time: 11:30 a.m.<br>Location: 350 West 1st Street<br>  Los Angeles, California<br>  Courtroom 5D<br>  Hon. Otis D. Wright II.<br><br>Trial Date: March 7, 2023<br>Action Filed: October 22, 2019 |

PLAINTIFF/COUNTER-DEFENDANT FULL TILT BOOGIE, LLC'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
1

4885-7560-1746, v. 2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

I.    PLAINTIFF COUNTER-DEFENDANT FTB'S CLAIMS ........................ 2

    A.    Summary of Claims FTB Will Pursue at Trial ................................. 2

    B.    Elements of FTB's Claims and Supporting Evidence ...................... 3

        1.    Count I- Breach of Contract ....................................................... 3

            a.    Elements ........................................................................ 3

            b.    Key Supporting Evidence.............................................. 4

        2.    Count II- Breach of the Covenant of Good Faith and Fair Dealing................................................................................... 4

            a.    Elements ........................................................................ 4

            b.    Key Supporting Evidence.............................................. 5

        3.    Count III- Unjust Enrichment..................................................... 5

            a.    Elements ........................................................................ 5

            b.    Key Supporting Evidence.............................................. 5

        4.    Count IV- Unfair Business Practices Act................................. 6

            a.    Elements ........................................................................ 6

            b.    Key Supporting Evidence.............................................. 6

        4.    Count V- Recission ................................................................... 6

            a.    Elements ........................................................................ 6

            b.    Key Supporting Evidence.............................................. 6

II.    FTB'S POSITION ON EVIDENTIARY ISSUES ..................................... 8

III.    GERMANE ISSUES OF LAW .................................................................. 9

Case 2:19-cv-09090-ODW-KES   Document 263   Filed 02/21/23   Page 3 of 16   Page ID #:8907

IV.   BIFURCATION OF ISSUES ........................................................................ 10

V.   ISSUES TRIABLE TO THE COURT ....................................................... 10

VI.   ABANDONMENT OF ISSUES ................................................................. 10

PLAINTIFF/COUNTER-DEFENDANT FULL TILT BOOGIE, LLC'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW
ii

4885-7560-1746, v. 2

# TABLE OF AUTHORITIES

**CIRCUIT COURT OF APPEALS CASES**

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165 (9th Cir. 1989) ........... 7

**UNITED STATES DISTRICT COURT CASES**

*Migliore v. Dental Fix Rx, LLC*, No. cv 15-04257-BRO (SSx), 2016 WL 7656130, at *7 (C.D. Cal. July 28, 2016) (quoting *People v. Gonda*, 138 Cal. App. 3d 774, 778 (1982)………………………………………………….…………………..7

**STATE COURT OF APPEALS CASES**

*California Federal Bank v. Matreyek,* 8 Cal.App.4th 125, 131 (1992)………….. 5

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc*., 2 Cal. 4th 342, 372, 826 P.2d 710, 726 (1992)……………..…………………………………………….………… 4

*Ellis v. Chevron, U. S. A. Inc.*, 201 Cal. App. 3d 132, 139 (1988) ........................ 4

*First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1662 (1992)…………..5

*Thrifty Payless, Inc. v. The Americana at Brand, LLC., Inc.*, 218 Cal. App. 4th 1230, 1244 (2013) ..................................................................................................... 3

**STATUTES, RULES, AND REGULATIONS**

Cal. Bus. and Prof. Code § 16600 ........................................................................ 6

Cal. Corp. Code § 31101 ....................................................................................... 7

Cal. Corp. Code § 31110 ....................................................................................... 7

Cal. Corp. Code § 31119 ....................................................................................... 7

Cal. Corp. Code § 31200 ....................................................................................... 7

Cal. Corp. Code § 31202 ................................................................................... 7

Cal. Corp. Code § 31300 ................................................................................ 7, 9

Secondary Sources

Rest., Restitution, § 1……………………………………………………....…..5

# MEMORANDUM OF CONTENTIONS OF LAW AND FACT

In its Complaint, Plaintiff Full Tilt Boogie, LLC ("FTB") brought eleven claims against the Defendants in this matter: (1) fraudulent misrepresentation against all Defendants; (2) fraudulent omission against all Defendants; (3) negligent misrepresentation against all Defendants; (4) violation of California Franchise Investment Law ("CFIL") against all Defendants; (5) breach of contract against KEP Fortune, LLC ("KEP") only; (6) breach of the covenant of good faith and fair dealing against KEP only; (7) unjust enrichment against all Defendants; (8) unfair business practices against KEP only; (9) rescission against KEP only; (10) violation of the Nevada Deceptive Trade Practices Act ("NDTPA") against KEP only; and (11) intentional interference with contractual relations against Defendant Miray and KEP only. KEP asserted six counterclaims against FTB: (1) breach of contract; (2) accounting; (3) declaratory relief; (4) injunctive relief; (5) unfair competition; and (6) breach of the covenant of good faith and fair dealing.

As a preliminary note, on July 29, 2022, this Honorable Court considered competing Motions for Summary Judgment filed by each party (Dkt. Nos. 211 & 212), and this Court issued its ruling granting in part and denying in part both motions for summary judgment. (Dkt. No. 233) In this Court's ruling, the Court granted KEP's Motion for Summary Judgment as to claims one, two, three, ten and eleven, and the Court granted FTB's Motion for Summary Judgment as to its claim four, all Defendants' liability thereon, as well as all of KEP's counterclaims. Accordingly, at trial, the only triable issues remaining are the following:

- Plaintiff's claim five for breach of contract against KEP only;
- Plaintiff's claim six for breach of the covenant of good faith and fair dealing against KEP only;
- Plaintiff's claim seven for unjust enrichment against all Defendants;
- Plaintiff's claim eight for unfair business practices against KEP only;
- Plaintiff's claim nine for rescission against KEP only; and
- Plaintiff's prove up of damages for claim four, violation of the CFIL.

PLAINTIFF/COUNTER-DEFENDANT FULL TILT BOOGIES'
MEMORANDUM OF CONTENTIONS OF FACT AND LAW
1

4885-7560-1746, v. 2

These contentions make clear that FTB intends to pursue all remaining claims and the entirety of damages at trial. These contentions of law and fact are made without waiver of FTB's appellate rights, including FTB's right to appeal the Court's Order (Dkt. No. 233), with all such rights expressly preserved.

## I. PLAINTIFF COUNTER-DEFENDANT FTB'S CLAIMS

### A. Summary of Claims FTB Will Pursue at Trial

Plaintiff/Counter-Defendant FTB will pursue at trial the entirety of the remaining claims as set forth in the Complaint. The remaining claims are as follows:

Count I- Breach of Contract. KEP breached the parties' Franchise Agreement by, *inter alia*, (a) removing FTB's access to "YPS," the internal system used to create orders, check the status of such orders, and perform other essential functions of its store following FTB's dispute over certain KEP invoices; (b) refusing to ship inventory in October 2019; (d) deriving revenue from purchases KEP required FTB to purchase from KEP in violation of item 8 of the Franchise Disclosure Document; (e) forcing FTB to pay for unwanted items; (f) failing to provide the required initial training as disclosed in the Franchise Disclosure Document; (g) failing to fulfill FTB's inventory orders in a timely manner; and (h) offering a franchise in Arizona to a third-party in violation of FTB's Right of First Refusal.

Count II- Breach of the Covenant of Good Faith and Fair Dealing. KEP breached the Covenant of Good Faith and Fair Dealing by, *inter alia*, (a) refusing to update its website to reflect FTB's new location when FTB moved to the Palazzo; (b) improperly soliciting FTB's employees; and (c) pigeon-holing FTB into solely buying its inventory from KEP which KEP would improperly mark up.

Count III- Unjust Enrichment. KEP was unjustly enriched at the expense of FTB. FTB invested in KEP's franchise business wherein KEP intended to profit from FTB in every conceivable manner, both honest and dishonest. The

circumstances here are such that FTB's retention of such benefits would be unjust. These circumstances include, but are not limited to: (a) KEP failing to deliver the services and support it promised; (b) KEP overcharging FTB for goods it did not want, order, and could not sell; (c) KEP failing to provide FTB goods that it did want and order; (d) KEP overcharging FTB for shipping; and (e) KEP failing to credit FTB for goods that it returned.

<u>Count IV</u>- Unfair Business Practices Act. KEP blatantly violated California law by including a non-competition clause in the Franchise Agreement.

<u>Count V</u>- Recission. FTB is entitled to the recission of the Franchise Agreement because KEP willfully misrepresented or omitted vital information in the Franchise Agreement, including, but not limited to: (a) deriving revenue from inventory KEP required FTB to purchase, contrary to the Franchise Disclosure Documents; (b) removing FTB's access to "YPS" as defined in Count I; (c) offering a franchise in Arizona to a third-party in violation of FTB's First Right of Refusal; and (d) grossly misrepresenting the franchise startup costs in Item 7 of the Franchise Disclosure Document.

**B.     Elements of FTB's Claims and Supporting Evidence**

    **1.     Count I- Breach of Contract**

        **a.     Elements**

To find KEP liable for breach of contract, FTB must prove the following elements by a preponderance of the evidence:

1. The existence of a contract between KEP and FTB;
2. FTB's performance or excuse for nonperformance;
3. KEP breached the contract; and
4. KEP's breach of contract resulted in FTB incurring damages.

*See Thrifty Payless, Inc. v. The Americana at Brand, LLC., Inc.*, 218 Cal. App. 4th 1230, 1244 (2013).

### b. Key Supporting Evidence

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

## 2. Count II- Breach of Covenant of Good Faith and Fair Dealing

### a. Elements

To find KEP liable for breach of covenant of good faith and fair dealing, FTB must prove the following elements by a preponderance of the evidence:

"[T]he law implies in every contract a covenant of good faith and fair dealing, which requires neither party do anything which will deprive the other of the benefits of the agreement." *Ellis v. Chevron, U. S. A. Inc.*, 201 Cal. App. 3d 132, 139 (1988). "The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372, 826 P.2d 710, 726 (1992). "[B]reach of a specific provision of the contract is not a necessary prerequisite" for a bad faith claim, and "the covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive." *Id.* at 373, 826 P.2d at 727.

### b. Key Supporting Evidence

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

### 3. Count III- Unjust Enrichment

#### a. Elements

To find KEP liable for unjust enrichment, FTB must prove the following elements by a preponderance of the evidence:

"An individual is required to make restitution if he or she is unjustly enriched at the expense of another. *See* Rest., Restitution, § 1; *California Federal Bank v. Matreyek,* 8 Cal.App.4th 125, 131 (1992). A person is enriched if the person receives a benefit at another's expense. *Id.*

The fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." (Rest., Restitution, supra, § 1, com. c.) Determining whether it is unjust for a person to retain a benefit may involve policy considerations." *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1662 (1992).

#### b. Key Supporting Evidence

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner

individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

### 4. Count IV- Unfair Trade Practices Act

#### a. Elements

To find KEP liable for breach of unfair trade practices, FTB must prove the following elements by a preponderance of the evidence:

California Business and Professions Code § 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

#### b. Key Supporting Evidence

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

### 5. Count V- Recission

#### a. Elements

To find KEP liable for breach of recission, FTB must prove the following elements by a preponderance of the evidence:

Section 31300 of the CFIL of California Corporations Code permits a franchisee to sue for damages caused by the misrepresentations or omissions of the franchisor. If the untrue statement or omission is willful, then the franchisee may also sue for recission. Courts have concluded that "section 31300 does not require that the defendant knowingly violate the law." *Dollar Sys., Inc. v. Avcar Leasing Sys*., Inc., 890 F.2d 165, 172 (9th Cir. 1989). "Rather, one acts 'willfully' when he or she acts with a 'purpose or willingness to commit the act.'" *Migliore v. Dental Fix Rx, LLC*, No. cv 15-04257-BRO (SSx), 2016 WL 7656130, at *7 (C.D. Cal. July 28, 2016) (quoting *People v. Gonda*, 138 Cal. App. 3d 774, 778 (1982) (interpreting "willful" in the context of criminal CFIL section 31410)).

"Willful means an act that is committed knowingly and intentionally. There is no requirement of a showing of an intent to violate the law, an evil motive, or a purpose to gain undue advantage. Good faith and reasonable care are not defenses to willfulness." *Dollar Sys., Inc. v. Avcar Leasing Sys*., Inc., 890 F.2d 165, 172 (9th Cir. 1989).

The CFIL provides that a franchisor who sells a franchise in violation of the disclosure requirements set forth in Cal. Corp. Code §§ 31101, 31110, 31119, 31200, or 31202 is liable for damages and, "if the violation is willful, the franchisee may also sue for rescission." Cal. Corp. Code § 31300 (emphasis added).

#### b. Key Supporting Evidence

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of

Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

## II. KEP's COUNTERCLAIMS

### A. Summary of KEP's Counterclaims

In this matter, this Honorable Court granted FTB's Motion for Summary Judgment as to all of KEP's counterclaims. As such, KEP's counterclaims will not be at issue in trial.

## III. FTB's POSITION ON EVIDENTIARY ISSUES

FTB does not anticipate any evidentiary issues at this time. However, for the convenience of the Court, FTB will summarize all discovery/evidentiary sanctions issued against KEP:

Plaintiff is entitled to an adverse inference instruction, substantially as follows: "Defendants failed to produce all communications related to KEP's management and operation of the Systemwide Marketing Fund. You may infer that Defendants did not produce this information to Plaintiff because Defendants believed that this information would help Plaintiff and harm Defendants." (Dkt. No. 175.)

KEP Fortune, LLC SHALL NOT (a) seek any form of compensatory damages at trial other than unpaid future royalties; (b) call any witnesses at trial other than Jeroen Bik, Miray Bik, Carolyn Jennings, or Jimmy Kirner; (c) enter any evidence or argue that Cross-Defendants "purchased goods from unapproved suppliers and also purchased goods of a quality lesser than that required pursuant to the franchise agreement" as described in paragraph 15 of KEP's Cross-

Complaint, which shall be STRICKEN; (d) enter any evidence or argue that "James Kirner has spoken negatively to clients, his staff, and other franchisees regarding KEP" and that Kirner's statements caused any other franchisee to do or not do anything, as described in paragraph 37 of KEP's Cross-Complaint, which shall be STRICKEN; or (e) rely on any documents not produced by July 30, 2021, to dispute (i) the profits KEP derived from Full Tilt's required inventory purchases, (ii) that KEP shipped inventory or other goods to Plaintiff that it did not order, (iii) that KEP imposed price increases on Full Tilt, or (iv) that KEP experienced delays in processing or delivering orders. (Dkt. No. 175).

KEP's Motion to Withdraw its Admissions was denied. (Dkt. No. 80). As such, all 38 Requests for Admissions were deemed admitted.

KEP is proscribed from:

- Using any document KEP did not produce during the discovery period to support its claims or defenses, except for documents already in Plaintiff's possession, custody, or control;

- Presenting expert testimony (either in court or via declaration) to support its claims or defenses that relies on documents KEP did not produce during the discovery period, except for documents already in Plaintiff's possession, custody, or control; and

- Presenting percipient testimony (either in court or via declaration) to support its claims or defenses from any witness who was not identified by name in KEP's initial disclosures or ROG responses.

(Dkt. No. 80).

## IV.  GERMANE ISSUES OF LAW

Whether Defendants' misrepresentations and/or omissions in the Franchise Agreement were willful pursuant to CFIL31300, thereby permitting FTB to rescind the Franchise Agreement altogether.

Whether KEP breached various provisions in the Franchise Agreement, including, but not limited to Item 8 of the Franchise Disclosure Document and Item 7 of the Franchise Disclosure Document.

Whether it would be inequitable to allow KEP to retain the benefit of FTB's significant investment into KEP's business, to FTB's detriment.

Whether KEP's practices breached the covenant of good faith and fair dealing.

Whether KEP committed unfair business practices in its conduct with FTB.

Whether KEP's actions caused damages to KEP.

What are FTB's damages for KEP's violation of the CFIL?

## V. BIFURCATION OF ISSUES

The parties have not requested bifurcation of any issues at this time.

## VI. ISSUES TRIABLE TO THE COURT

All issues set forth above will be triable via a Court trial.

## VII. ABANDONMENT OF ISSUES

At this time, FTB does not intend to abandon any of the remaining claims.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: February 21, 2023    By: */s/ David C. Van Dyke*
David C. Van Dyke (Bar No. 294892)
dvd@h2law.com
200 S. Michigan Ave. Suite 1100
Chicago, IL 60604
Tel: 312-456-3641
Fax: 312-939-5617

*Attorneys for Plaintiff/Counter-Defendant*

PLAINTIFF/COUNTER-DEFENDANT FULL TILT BOOGIES'
MEMORANDUM OF CONTENTIONS OF FACT AND LAW
10

4885-7560-1746, v. 2

# CERTIFICATE OF SERVICE

**THE UNDERSIGNED** certifies that the foregoing instrument was served upon all parties in the above cause, on February 21, 2023, to each of the attorneys of record herein at their respective e-mail addresses disclosed on the pleadings.

I declare that the statements above are true to the best of my information, knowledge, and belief.

By: */s/ David C. Van Dyke*
David C. Van Dyke (Bar No. 294892)
dvd@h2law.com
200 S. Michigan Ave. Suite 1100
Chicago, IL 60604
Tel: 312-456-3641
Fax: 312-939-5617