**HOWARD & HOWARD ATTORNEYS PLLC**
David C. Van Dyke (Bar No. 294892)
dvd@h2law.com
200 S. Michigan Ave, Suite 1100
Chicago, IL 60604
Tel: 312-456-3641
Fax: 312-939-5617

*Attorneys for Plaintiff/Counter-Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Full Tilt Boogie, LLC, a Nevada limited liability company,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>KEP Fortune, LLC, a Delaware limited liability company, et al.,<br><br>Defendant/Counter-Plaintiff. | Case No.: 2:19-cv-09090-ODW-KES<br><br>**PLAINTIFF/COUNTER-DEFENDANT FULL TILT BOOGIE LLC'S PROPOSED FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conference: February 23, 2023<br>Time: 11:30 a.m.<br>Location: 350 West 1st Street<br>          Los Angeles, California<br>          Courtroom 5D<br>Hon. Otis D. Wright II.<br><br>Trial Date: March 7, 2023<br>Action Filed: October 22, 2019 |

# TABLE OF CONTENTS

1. THE PARTIES……………………………………………………………………1

2. JURISDICTION……………………………………………………………..2

3. TRIAL IS EXPECTED TO LAST 2-3 DAYS……………………………….2

4. THIS IS A NON-JURY TRIAL……………………………………………...2

5. ADMITTED FACTS………………………………………………………....2

6. NON-CONTESTED FACT………………………………………………5

7. PLAINTIFF COUNTER-DEFENDANT FTB'S CLAIMS……………..5

    a. ELEMENTS OF FTB'S CLAIMS AND SUPPORTING EVIDENCE………………………………………………………...5

        i. COUNT I- BREACH OF CONTRACT……………………5

        ii. COUNT II- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING……………………………………………6

        iii. COUNT III- UNJUST ENRICHMENT……………………7

        iv. COUNT IV- UNFAIR TRADE PRACTICES ACT……….8

        v. COUNT V- RECISSION…………………………………….8

8. GERMANE ISSUES OF LAW……………………………………………10

9. ALL DISCOVERY IS COMPLETE IN THIS MATTER……………..10

10. ALL DISCLOSURES UNDER FRCP 26(a)(3) HAVE BEEN MADE..10

11. PLAINTIFF'S WITNESS LIST HAS BEEN FILED WITH THE COURT……………………………………………………………………..10

12. NO MOTIONS IN LIMINE WERE FILED IN THIS MATTER…….10

13. THERE ARE NO BIFURCATION ISSUES IN THIS MATTER…….10

14. ACKNOWLEDGEMENT………………………………………………11

## 1. THE PARTIES

In its Complaint, Plaintiff Full Tilt Boogie, LLC ("FTB") brought eleven claims against the Defendants in this matter: (1) fraudulent misrepresentation against all Defendants; (2) fraudulent omission against all Defendants; (3) negligent misrepresentation against all Defendants; (4) violation of California Franchise Investment Law ("CFIL") against all Defendants; (5) breach of contract against KEP Fortune, LLC ("KEP") only; (6) breach of the covenant of good faith and fair dealing against KEP only; (7) unjust enrichment against all Defendants; (8) unfair business practices against KEP only; (9) rescission against KEP only; (10) violation of the Nevada Deceptive Trade Practices Act ("NDTPA") against KEP only; and (11) intentional interference with contractual relations against Defendant Miray and KEP only. KEP asserted six counterclaims against FTB: (1) breach of contract; (2) accounting; (3) declaratory relief; (4) injunctive relief; (5) unfair competition; and (6) breach of the covenant of good faith and fair dealing.

On July 29, 2022, this Honorable Court considered competing Motions for Summary Judgment filed by each party (Dkt. Nos. 211 & 212), and this Court issued its ruling granting in part and denying in part both motions for summary judgment. (Dkt. No. 233) In this Court's ruling, the Court granted KEP's Motion for Summary Judgment as to claims one, two, three, ten and eleven, and the Court granted FTB's Motion for Summary Judgment as to its claim four, all Defendants' liability thereon, as well as all of KEP's counterclaims. Accordingly, at trial, the only triable issues remaining are the following:

- Plaintiff's claim five for breach of contract against KEP only;
- Plaintiff's claim six for breach of the covenant of good faith and fair dealing against KEP only;
- Plaintiff's claim seven for unjust enrichment against all Defendants;
- Plaintiff's claim eight for unfair business practices against KEP only;
- Plaintiff's claim nine for rescission against KEP only; and
- Plaintiff's prove up of damages for claim four, violation of the CFIL.

1

2. **JURISDICTION**

This Court has jurisdiction and venue because of the choice of law and venue provision of the Franchise Agreement. The facts requisite to federal jurisdiction are admitted.

3. **TRIAL IS EXPECTED TO LAST 2-3 DAYS.**

4. **THIS IS A NON-JURY TRIAL.**

5. **ADMITTED FACTS:**

The parties were unable to meet and confer to adequately satisfy this Court's requirements as to this matter. However, this Court issues discovery sanctions against Defendant KEP in this matter which included Plaintiff's Requests for Admission against KEP being deemed admitted. As such, the following facts are admitted as a matter of law:

- The Franchise Disclosure Document ("FDD") attached as Exhibit 1 to Plaintiff's Complaint is the Franchise Disclosure Document KEP provided to Full Tilt.
- The FDD KEP presented to Full Tilt was required to comply with the requirements of federal and California state law.
- There is no explanation in the FDD of the estimated cost of "Leasehold Improvements" contained in in Item 7 thereof.
- KEP required Full Tilt to purchase all or substantially all Inventory for its franchise location from KEP.
- KEP charged Full Tilt more for the Inventory Full Tilt was required to purchase from KEP than the cost KEP paid for said Inventory.
- KEP generated revenue from the Inventory KEP sold to Full Tilt.
- KEP did not charge KEP's company-owned stores more for the Inventory it purchases from KEP than the cost KEP paid for said Inventory during the time Full Tilt was a franchisee.

- KEP stated that neither KEP nor KEP's Affiliate would derive any revenue from purchases KEP require franchisees to make in Item 8 of KEP's FDD.
- The FDD KEP presented to Full Tilt did not comply with federal and California state law.
- KEP encouraged Full Tilt to lease Room F03 in the Forum Shops at Caesar's Palace in Las Vegas, Nevada for the location of Full Tilt's franchise.
- KEP sent Inventory to Full Tilt that Full Tilt did not order or request (the "unordered items").
- KEP demanded payment from Full Tilt for the Inventory it did not order.
- KEP initiated negotiations to lease Room F03 in the Forum Shops at Caesar's Palace in Las Vegas, Nevada for the location of Full Tilt's franchise.
- KEP initiated communications to lease Room F03 in the Forum Shops at Caesar's Palace in Las Vegas, Nevada for the location of Full Tilt's franchise.
- KEP threatened to withhold all future Inventory shipments to Full Tilt in October 2019.
- KEP represented to Full Tilt that the cost of high-end suit linings was $500.
- The actual cost of the high-end suit linings is less than $50.
- The cost of cutting, measuring, and trimming a suit made from high-end fabrics is the same as the cost of cutting, measuring, and trimming a suit made from low-end fabrics.
- KEP received fabric sample books from Scabal for free.
- KEP communicated to Full Tilt that Full Tilt would need to pay KEP $175 for each Scabal fabric sample book.

- Jeroen and Miray Bik did not conduct the initial training program as represented in the FDD for Full Tilt.
- KEP increased the amount KEP charged to Full Tilt for required Inventory purchase while it was a franchisee.
- The increase in the amount KEP charged to Full Tilt for required Inventory purchases did not correspond to any increase in the amount KEP paid for the Inventory.
- All Inventory KEP sold to Full Tilt was purchased from third-party suppliers.
- KEP did not manufacture any Inventory KEP sold to Full Tilt.
- KEP prohibited Full Tilt from communicating with third-party suppliers concerning the status of Full Tilt's orders.
- KEP routinely failed to fulfill Full Tilt's Inventory orders in a timely manner.
- KEP charged Full Tilt more for shipping charges on its Inventory orders than the amount KEP paid to ship those Inventory orders.
- KEP refused to ship Inventory to Full Tilt in October 2019.
- KEP did not offer Full Tilt the opportunity to purchase a franchise in Arizona before offering that franchise to a third-party.
- The financial performance representation contained in Item 19 of the FDD is based upon the performance of stores KEP own.
- The financial performance representation contained in Item 19 of the FDD does not contain the total number of franchise outlets that existed in 2016.
- The financial performance representation contained in Item 19 of the FDD does not state or describe characteristics of the outlets included in the normalized profit and loss statement in Item 19 that may have materially differed from those of the outlet offered to Full Tilt.

- The financial performance representation contained in Item 19 of the FDD does not state the type of location (such as free standing vs. shopping center) of the outlets included in the normalized profit and loss statement in Item 19.
- The financial performance representation contained in Item 19 of the FDD does not state the degree of competition of the outlets included in the normalized profit and loss statement in Item 19.
- The financial performance representation contained in Item 19 of the FDD does not state the length of time the outlets included in the normalized profit and loss statement in Item 19 have operated.
- The Inventory costs for the company-owned stores reflected in the financial performance representation contained in Item 19 of the FDD are less than what KEP charged Full Tilt for the same or similar Inventory.
- KEP received Full Tilt's Notice of Rescission of Franchise Agreement and Lawsuit dated October 24, 2019.

**6. NON-CONTESTED FACT**

Unfortunately, the Defendants refused to meet and confer in preparation of the pretrial conference, as such, this section is unable to be completed.

**7. PLAINTIFF COUNTER-DEFENDANT FTB'S CLAIMS**

    **A.    ELEMENTS OF FTB'S CLAIMS AND SUPPORTING EVIDENCE**

        **1.    COUNT I- BREACH OF CONTRACT**

            **a.    ELEMENTS**

To find KEP liable for breach of contract, FTB must prove the following elements by a preponderance of the evidence:

1. The existence of a contract between KEP and FTB;
2. FTB's performance or excuse for nonperformance;
3. KEP breached the contract; and
4. KEP's breach of contract resulted in FTB incurring damages.

*See Thrifty Payless, Inc. v. The Americana at Brand, LLC., Inc.*, 218 Cal. App. 4th 1230, 1244 (2013).

### b. KEY SUPPORTING EVIDENCE

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

## 2. COUNT II- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### a. ELEMENTS

To find KEP liable for breach of covenant of good faith and fair dealing, FTB must prove the following elements by a preponderance of the evidence:

"[T]he law implies in every contract a covenant of good faith and fair dealing, which requires neither party do anything which will deprive the other of the benefits of the agreement." *Ellis v. Chevron, U. S. A. Inc.*, 201 Cal. App. 3d 132, 139 (1988). "The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372, 826 P.2d 710, 726 (1992). "[B]reach of a specific provision of the contract is not a necessary prerequisite" for a bad faith claim, and "the covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive." *Id.* at 373, 826 P.2d at 727.

### b. KEY SUPPORTING EVIDENCE

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

## 3. COUNT III- UNJUST ENRICHMENT

### a. ELEMENTS

To find KEP liable for unjust enrichment, FTB must prove the following elements by a preponderance of the evidence:

"An individual is required to make restitution if he or she is unjustly enriched at the expense of another. *See* Rest., Restitution, § 1; *California Federal Bank v. Matreyek,* 8 Cal.App.4th 125, 131 (1992). A person is enriched if the person receives a benefit at another's expense. *Id.*

The fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." (Rest., Restitution, supra, § 1, com. c.) Determining whether it is unjust for a person to retain a benefit may involve policy considerations." *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1662 (1992).

### b. KEY SUPPORTING EVIDENCE

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel;

(4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

### 4. COUNT IV- UNFAIR TRADE PRACTICES ACT
#### a. ELEMENTS

To find KEP liable for breach of unfair trade practices, FTB must prove the following elements by a preponderance of the evidence:

California Business and Professions Code § 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

#### b. KEY SUPPORTING EVIDENCE

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions; and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

### 5. COUNT V- RECISSION
#### a. ELEMENTS

To find KEP liable for breach of recission, FTB must prove the following elements by a preponderance of the evidence:

Section 31300 of the CFIL of California Corporations Code permits a franchisee to sue for damages caused by the misrepresentations or omissions of the franchisor. If the untrue statement or omission is willful, then the franchisee may also sue for recission. Courts have concluded that "section 31300 does not require that the defendant knowingly violate the law." *Dollar Sys., Inc. v. Avcar Leasing Sys.*, Inc., 890 F.2d 165, 172 (9th Cir. 1989). "Rather, one acts 'willfully' when he or she acts with a 'purpose or willingness to commit the act.'" *Migliore v. Dental Fix Rx, LLC*, No. cv 15-04257-BRO (SSx), 2016 WL 7656130, at *7 (C.D. Cal. July 28, 2016) (quoting *People v. Gonda*, 138 Cal. App. 3d 774, 778 (1982) (interpreting "willful" in the context of criminal CFIL section 31410)).

"Willful means an act that is committed knowingly and intentionally. There is no requirement of a showing of an intent to violate the law, an evil motive, or a purpose to gain undue advantage. Good faith and reasonable care are not defenses to willfulness." *Dollar Sys., Inc. v. Avcar Leasing Sys.*, Inc., 890 F.2d 165, 172 (9th Cir. 1989).

The CFIL provides that a franchisor who sells a franchise in violation of the disclosure requirements set forth in Cal. Corp. Code §§ 31101, 31110, 31119, 31200, or 31202 is liable for damages and, "if the violation is willful, the franchisee may also sue for rescission." Cal. Corp. Code § 31300 (emphasis added).

### b.  KEY SUPPORTING EVIDENCE

FTB's key evidence in support of its breach of contract claim consists of: (1) the Franchise Agreement and its attachments; (2) the testimony of James Kirner individually and as FTB's 30(b)(6) representative; (3) the testimony of Evangel; (4) the expert testimony of Jefferey Bagalis (as to damages); (5) the testimony of Josh Hilling; (6) the testimony of Jeroen Bik; (7) the testimony of Miray Bik; (8) the testimony of KEP's 30(b)(6) representative; (9) email communications between the parties in this matter; (10) KEP's admissions to FTB's Request for Admissions;

and (11) the exhibits and evidence identified in FTB's forthcoming Federal Rule of Civil Procedure 26(a)(3) trial disclosures and the parties' joint witness and exhibit lists, filed contemporaneously with these contentions.

**(The Defendants refused to meet and confer in preparation of the pretrial conference, as such, this section is unable to be completed as to Defendant's remaining claims and defenses.)**

8. **GERMANE ISSUES OF LAW**
   - Whether Defendants' misrepresentations and/or omissions in the Franchise Agreement were willful pursuant to CFIL31300, thereby permitting FTB to rescind the Franchise Agreement altogether.
   - Whether KEP breached various provisions in the Franchise Agreement, including, but not limited to Item 8 of the Franchise Disclosure Document and Item 7 of the Franchise Disclosure Document.
   - Whether it would be inequitable to allow KEP to retain the benefit of FTB's significant investment into KEP's business, to FTB's detriment.
   - Whether KEP's practices breached the covenant of good faith and fair dealing.
   - Whether KEP committed unfair business practices in its conduct with FTB.
   - Whether KEP's actions caused damages to KEP.
   - What are FTB's damages for KEP's violation of the CFIL?

9. **ALL DISCOVERY IS COMPLETE IN THIS MATTER.**
10. **ALL DISCLOSURES UNDER FRCP 26(a)(3) HAVE BEEN MADE.**
11. **PLAINTIFF'S WITNESS LIST HAS BEEN FILED WITH THE COURT.**
12. **NO MOTIONS IN LIMINE WERE FILED IN THIS MATTER.**
13. **THERE ARE NO BIFURCATION ISSUES IN THIS MATTER.**

///

///

## 14. ACKNOWLEDGEMENT

Unfortunately, the Defendants refused to meet and confer in preparation of the pretrial conference, as such, this section is unable to be completed.

_____  _____
Dated                                                          UNITED STATES DISTRICT JUDGE

_____
Approved as to form and content.

_____
Attorney for Plaintiff

_____
Attorney for Defendants