**HOWARD & HOWARD ATTORNEYS PLLC**
David C. Van Dyke (Bar No. 294892)
dvd@h2law.com
200 S. Michigan Ave, Suite 1100
Chicago, IL 60604
Tel:  312-456-3641
Fax: 312-939-5617
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Full Tilt Boogie, LLC, a Nevada limited liability company, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> KEP Fortune, LLC, a Delaware limited liability company, et al., <br><br> Defendant/ Counter-Plaintiff. | Case No.: 2:19-cv-09090-ODW-KES <br><br> **PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT** <br><br> TRIAL DATE:  March 8, 2023 <br> TIME:  9:00 a.m. <br> CTRM: 5D, 5th Floor, 350 W. 1st Street, Los Angeles, California 90012 <br><br> Hon. Otis D. Wright, II |

On March 1, 2023, this Court entered a minute order instructing Plaintiff Full Tilt Boogie, LLC ("Full Tilt") to Supplement its Motion for Entry of Default Judgment. (ECF No. 281) The minute order outlines a few concerns of the Court as follows: (1) Plaintiff must submit a Declaration to accompany Plaintiff's Motion for Entry of

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

1

4878-4071-9444, v. 1

Default Judgment required by Local Rule 55-1; (2) Plaintiff must immediately serve Defendant with the Motion for Entry of Default Judgment and file such proof of service with the Court; (3) Plaintiff must address its footnote that suggests that the Motion for Entry to Default Judgment may eliminate the need for trial in this matter; and (4) Plaintiff must provide a supplement to the Motion for Entry of Default Judgment to provide the Court with a more fulsome analysis of its requested recission damages against KEP and to authenticate the report of its damage expert. Plaintiff will address each concern in turn:

First, Plaintiff's Declaration of David C. Van Dyke in Support of Plaintiff's Notice of Motion and Motion for Entry of Default Judgment is attached hereto as Exhibit 1 of this Response.

Second, Plaintiff has served Defendant with a copy of the Motion for Entry of Default Judgment and has filed proof of such (ECF No. 282).

Third, in light of this Court's scheduling of a hearing for the Motion for Entry of Default Judgment for March 8, 2023, Plaintiff hereby withdraws the statement made in footnote one of Plaintiff's Motion for Entry of Default Judgment and therefore will not further address the footnote.

Finally, a more detailed analysis of Plaintiff's claim for recission is supported by the Supplement to Plaintiff's Motion for Entry of Default Judgment below, the Declaration from Plaintiff's expert Jeffery Bagalis attached hereto as Exhibit 2, and any oral arguments the Court permits at the hearing for this matter.

## SUPPLEMENT TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

As set forth in the Motion for Entry of Default Judgment, the CFIL provides that a franchisor who sells a franchise in violation of the disclosure requirements set forth in Cal. Corp. Code §§ 31101, 31110, 31119, 31200, or 31202 is liable for damages and,

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

2

4878-4071-9444, v. 1

"if the violation is willful, the franchisee may also sue for rescission." Cal. Corp. Code § 31300. Relevant here is Cal. Corp. Code §§ 31101 and 31202. Section 31101 designates the requirements of the franchise disclosure documentation and Section 31202 states that it is unlawful for a person to willfully make a false statement in the franchise disclosure documents.

Here, Plaintiff's Complaint alleges numerous examples wherein KEP knowingly and willfully made false representations in the Franchise Disclosure Documents. Plaintiff provides this Court with a table at the end of this Supplement with numerous examples of allegations in Plaintiff's Complaint that support Plaintiff's claim for recission. Notably, Defendant KEP's Answer to Plaintiff's Complaint has been stricken by this Court. As such, each of these allegations against KEP are unopposed, and ought to be considered true.

California Civil Code § 1692 provides that in an action for rescission the "aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled." The California Supreme Court interprets the type of relief available to parties are permitted to rescind a contract in *E. T. Ruyan v. Pacific Air Industries*, 466 P.2d 682, 690, 85 Cal.Rptr. 138, 146 (1970). *Ruyan* also involved rescission of a franchise agreement and the related damages associated therein. *Id.* There, the Court provided a long list of potential damages classifications for rescission including (1) a vendee of real property who rescinded a land sale contract could recover the purchase money and the reasonable value of improvements less reasonable rental value while in the vendee's possession; (2) value of improvements; (3) monetary compensation for any payments by [vendee] to reduce the amount of the mortgage; (4) rental value of the land while in possession; (5) the reasonable value of property; (6) the cost to replace specific property; and (7) monetary damages where the Court

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

3

conditioned the decree or rescission upon a payment by the rescinding party to a third party whose rights were also affected. *Id.*

In essence, "it is the purpose of rescission 'to restore both parties to their former position as far as possible.'" *Id.* at 691. Accordingly, "the court should do complete equity between the parties and to that end 'may grant any monetary relief necessary' to do so." *Id.* The Court "may award money damages … as justice may require." *Id.*

As such, should the Court permit Plaintiff to rescind the franchise agreement, Plaintiff is entitled to be placed back into the position it was before the franchise agreement was ever executed.

Unfortunately, the true amount of damages that Plaintiff suffered will likely forever remain unknown. However, certain portions of those damages are readily quantifiable and are explained by Plaintiff's expert witness Jeffery Bagalis. Those damages fall into three main categories: operating losses ($680,578), start-up expenses ($232,025), and loss of use of funds ($57,911), totaling $970,513. *See* Exhibit 2 of Plaintiff's Motion for Entry of Default Judgment (ECF No. 279-2); *See also* Declaration of Jeffery Bagalis attached hereto as Exhibit 2.  Plaintiff suffered each of these categories as a direct result of Plaintiff's execution of the franchise agreement. As Plaintiff is entitled to rescind the franchise agreement, Plaintiff should be awarded restitution and be "restore[d] … to [its] former position as far as possible." *Id.* As such, Plaintiff should not only be awarded the $970,513 of Plaintiff's readily quantifiable damages, but the Court should also award all money damages "as justice may require."

As such, for the foregoing reasons, and the reasons outlined in Plaintiff's Motion for Entry to Default Judgment, this Court should grant Plaintiff's Motion for Entry of Default Judgment against KEP entitling Plaintiff to rescission of the Franchise Agreement, the Court should award Plaintiff $970,513 plus attorneys' fees and costs, and the Court should hold the individual Defendants Jeroen and Miray Bik jointly and

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

4

4878-4071-9444, v. 1

severally liable for all monies awarded to Plaintiff.

| Table of Allegations in the Complaint ||
|---|---|
| In Item 7 of KEP's FDD, KEP falsely stated that Full Tilt's costs to build, and open and begin operating the store, would be between $157,700 on the low end and $262,800 on the high end. See Exhibit 1, at 9-12. In reality, Full Tilt's build-out and opening costs were more than $400,000. See ECF 1 at 6, ¶ 22. | Worse yet, while KEP disclosed that its Item 7 estimates might have been low "including the condition of your facility, the capabilities of your management team, where you locate your [sic] and your business experience," it did not disclose that the estimates might be low by more than $140,000. See Exhibit 1, at 12. Nor did KEP disclose that its Item 7 estimates might also vary based on higher costs for leasehold improvements, inventory, signage, fixtures furniture and equipment or other line items. See ECF 1 at 6, ¶ 23. |
| In Item 11 of KEP's FDD, KEP was required to disclose its training program. See Compliance Guide, at 68. This required disclosure includes "information about the staff who provide the training" (Id.) and "the instructor's experience, including the instructor's length of experience in the field and with the franchisor." North America Securities Administrators Association Franchise Disclosure Guidelines (the "Disclosure Guidelines"), at instruction (k)(7)(ii)(B). KEP falsely stated that Jeroen and Miray Bik would conduct training for Full Tilt, but instead KEP sent an employee to conduct training in their stead. Halfway through the training, Jeroen Bik came to Full Tilt's store and admitted that his trainer was not training Full Tilt properly and conducted training himself." See ECF 1 at 6, ¶ 24. | Under federal and California state law, KEP was required to disclose in Item 8 of its FDD Full Tilt's obligation to purchase inventory, equipment, and other items from suppliers required by KEP. While KEP did disclose that Full Tilt would be required to buy inventory items from KEP or its affiliates, KEP failed to disclose that KEP would force Full Tilt to take inventory items (like jewelry, skinny ties, jeans, and scarves) that Full Tilt did not order and did not want. KEP did not disclose that Full Tilt would be forced to pay prices set by KEP for those unwanted items. See ECF 1 at 7, ¶ 27. |
| Also in Item 8, KEP was required to disclose "whether the franchisor or its affiliates are approved suppliers or the only approved suppliers of [any particular] good or service." Disclosure Guidelines, at instruction (h)(2). While KEP did disclose that Full Tilt would be required to buy inventory items from KEP or its affiliates, KEP failed to disclose that they would be the only approved suppliers of inventory items. See Exhibit 1, at 12-13. If Full Tilt had known that KEP would require Full Tilt to buy all of its inventory from KEP, Full Tilt would not have purchased a franchise. See ECF 1 at 8, ¶ 30. | Most importantly, KEP blatantly lied to Full Tilt about how KEP would benefit from Full Tilt's required inventory purchases. KEP was required to disclose in Item 8 "[w]hether the franchisor or its affiliates will or may derive revenue or other material consideration from required purchases or leases by franchisees." Disclosure Guidelines, at instruction (h)(6). If so, KEP was required to "describe the precise basis by which the franchisor or its affiliates will or may derive that consideration." Id. Further, KEP was required to disclose whether "a designated supplier will make payments to the franchisor from franchisee purchases," and if so, to disclose "the basis for the payment." Disclosure Guidelines, at instruction (h)(6). In response to these instructions, KEP falsely stated "Neither our Affiliate nor we will derive any |

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

5

4878-4071-9444, v. 1

| | |
|---|---|
| | revenue or other material consideration from any required purchases or leases by you." See Exhibit 1, at 13. Nothing could be further from the truth. See ECF 1 at 9, ¶ 32. |
| KEP also omitted to provide material facts that it was required to disclose in the FDD that it gave to Full Tilt. Full Tilt relied on the FDD that omitted the material facts when it purchased its franchise. KEP also omitted to state to Full Tilt material facts that would make the other statements by KEP not misleading. *See* ECF 1 at 15, ¶ 59. | In an effort to induce Full Tilt to purchase a franchise, KEP, Jeroen Bik and Miray Bik made numerous affirmative misrepresentations regarding the franchise being offered to Full Tilt, including those false statements set forth above. *See* ECF 1 at 22, ¶ 63. |
| KEP violated Section 31111 of the CFIL by selling to Full Tilt a franchise using a franchise disclosure document that did not comply with federal law or the CFIL. See ECF 1 at 25, ¶ 85. | KEP violated Section 31200 of the CFIL by failing, in the FDD that it filed with the DBO, to disclose material facts that it was required to disclose in the FDD, and by making untrue statements of material fact in the FDD. See ECF 1 at 25, ¶ 86. |
| KEP violated Section 31202 of the CFIL by willfully making untrue statements of a material fact in the FDD that was given to Full Tilt, and by willfully omitting to state in its FDD material facts that were required to be stated in the FDD. See ECF 1 at 25, ¶ 87. | Jeroen Bik and Miray Bik materially aided KEP in violating the CFIL in the ways enumerated above, and therefore are jointly and severally liable with KEP for those violations pursuant to Section 31202 of the CFIL. See ECF 1 at 26, ¶ 88. |
| Full Tilt entered into the Agreement based upon the fraudulent representations of KEP as alleged herein. See ECF 1 at 30, ¶ 117. | Due to KEP's fraudulent misrepresentations, and due to KEP's knowing violation of the CFIL, Full Tilt is entitled to rescind the Agreement, and has done so appropriately. See ECF 1 at 30, ¶ 118. |

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: March 3, 2023         By: */s/ David C. Van Dyke*
                                      David C. Van Dyke (Bar No. 294892)
                                      dvd@h2law.com
                                      200 S. Michigan Ave, Suite 1100
                                      Chicago, IL 60604
                                      Tel: 312-456-3641
                                      Fax: 312-939-5617
                                      *Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

6

4878-4071-9444, v. 1

# CERTIFICATE OF SERVICE

I, David C. Van Dyke, hereby declare, pursuant to 28 U.S.C. § 1746 and L.R. 5-3.1.2, that, on March 3, 2023, I electronically filed a copy of the foregoing document entitled, PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT, with the Clerk of the Court via the Court's CM/ECF system, and served via email and US Mail upon the following:

Miray Bik, Individually

Email: mk@kleinepsteinparker.com

Jereon Bik
Individually, and as Registered Agent
For KEP Fortune
107 S. Robertson Blvd
West Hollywood, CA 90048

Email: jb@kleinepsteinparker.com

I hereby declare under penalty of perjury that the foregoing is true and correct.

/s/ David C. Van Dyke
David C. Van Dyke

Executed on: March 3, 2023

PLAINTIFF'S RESPONSE TO COURT'S MINUTE ORDER AND SUPPLEMENT TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

7

4878-4071-9444, v. 1