**O**

# United States District Court
# Central District of California

FULL TILT BOOGIE, LLC,

          Plaintiff,

   v.

KEP FORTUNE, LLC, et al.,

          Defendants,

Case № 2:19-cv-09090-ODW (KESx)

**ORDER DENYING MOTIONS TO ALTER OR AMEND THE JUDGMENT [295] [315]**

## I.      INTRODUCTION

Plaintiff-franchisee Full Tilt Boogie, LLC brought this franchise dispute litigation against Defendant-franchisors KEP Fortune, LLC, and KEP's owner-members, Jeroen Bik and Miray Bik (Jeroen and Miray together are the "Biks"). (Compl., ECF No. 1.) On March 21, 2023, the Court entered the final judgment in this case, awarding Full Tilt rescission and punitive damages against KEP, jointly and severally with the Biks. (J., ECF No. 294.) Full Tilt and the Biks move to alter or amend the judgment ("Motions"). (Full Tilt Mot. ("FT Mot."), ECF No. 295; Biks Mot., ECF No. 315.) For the reasons discussed below, the Court **DENIES** both Motions.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

KEP is a franchisor operating under the name Klein Epstein & Parker, whose stores sell made-to-measure clothing.  KEP operates and sells the right to operate KEP stores.  Jeroen Bik is KEP's principal.  Together, Jeroen Bik and Miray Bik are co-founders and partners of KEP, and they are the franchise sellers.  In August 2017, Full Tilt purchased a KEP franchise, and in December 2017, opened its KEP store in Las Vegas.  The Court will not belabor the factual history here, as it may be found in the Court's prior orders and because the parties are familiar.  (*See, e.g.*, Order re Mots. Summ. J. ("Order MSJs"), ECF No. 233.)  Suffice it to say, the relationship soured and, in October 2019, Full Tilt rescinded the franchise agreement and initiated this lawsuit to confirm rescission.

The Court reviews the extensive procedural history, as it is material to the parties' current post-judgment motions.

### A.    Claims and Counterclaims

Full Tilt brought eleven claims against KEP and/or the Biks (collectively, "Defendants"):    (1) fraudulent    misrepresentation,    (2) fraudulent    omissions, (3) negligent misrepresentation, (4) violation of the California Franchise Investment Law ("CFIL"), (5) breach of contract as to KEP, (6) breach of the covenant of good faith and fair dealing as to KEP, (7) unjust enrichment, (8) unfair business practices as to KEP, (9) rescission as to KEP, (10) violation of the Nevada Deceptive Trade Practices Act as to KEP, and (11) intentional interference with contractual relations against KEP and Miray Bik.  (Compl. ¶¶ 62–131.)  KEP asserted six counterclaims against Full Tilt and its principal, James Kirner: (1) breach of contract, (2) accounting, (3) declaratory relief, (4) injunctive relief, (5) unfair competition, and (6) breach of the covenant of good faith and fair dealing.  (Countercl. ¶¶ 38–71, ECF No. 31.)

### B.    Motions for Summary Judgment

On July 29, 2022, the Court granted in part and denied in part the parties' cross motions for summary judgment.  (Order MSJs.)  For Full Tilt as Plaintiff, the Court

granted partial summary judgment in favor of Full Tilt on its fourth claim for violation of the CFIL against Defendants, and found the Biks jointly and severally liable with and to the same extent as KEP, pursuant to California Corporations Code section 31302. (*Id.* at 19–22.)  For Full Tilt and Kirner as Counter Defendants, the Court granted summary judgment in their favor on all of KEP's counterclaims. (*Id.* at 23–24.)  Finally, for Defendants, the Court granted partial summary judgment in favor of Defendants on Full Tilt's first, second, third, tenth, and eleventh claims. (*Id.* at 8–19, 24.)  The Court denied all other relief. (*Id.* at 24.)

Following the summary judgment order, Full Tilt had one claim remaining against the Biks for unjust enrichment; and five claims remaining against KEP, for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, unfair business practices; and rescission of the franchise agreement. (*See id.* at 24.)

## C.    Defendants' Discovery Misconduct & First Counsel's Withdrawal

The Court has sanctioned Defendants and their first counsel, Mohajerian PC, for various discovery misconduct during the course of this litigation. (*See* May 2021 R&R, ECF No. 67; June 2021 R&R, ECF No. 72; July 2021 Order Accepting R&Rs, ECF No. 80; Oct. 2021 R&R, ECF No. 168; Oct. 2021 Final R&R, ECF No. 173; Oct. 2021 Order Accepting Final R&R, ECF No. 175.)  Most notably, pursuant to these discovery orders, the Court deemed admitted Full Tilt's requests for admission and prohibited Defendants from introducing substantial evidence.

In July 2022, the Court granted Mohajerian PC's motion for leave to withdraw from representing Defendants, in light of "persistent conflicts and irreconcilable differences" regarding litigation strategy and compliance with Court orders. (Mins. re Withdrawal, ECF No. 227.)  Before granting the motion, the Court confirmed KEP was adequately informed regarding the potential consequences of its inability to proceed pro se as a business entity. (*Id.* at 2–3.)  Defendants timely retained new counsel, Schorr Law APC. (*See* Notices of Appearance, ECF Nos. 234, 240.)

**D.    Defendants' Second Counsel's Withdrawal & KEP's Resulting Default**

Three months after appearing, on December 29, 2022, Schorr Law APC requested to withdraw from representation.   (Reqs., ECF Nos. 246–48.)    On February 23, 2023, the Court heard from the parties and counsel on Schorr Law APC's motion to withdraw.   (*See* Order Granting Withdrawal 1, ECF No. 277.) Defendants' counsel informed the Court that the Biks intended to proceed pro se and KEP would not retain new counsel.   (Feb. 23 Tr. 8:4–7, ECF No. 337 ("With KEP Fortune, [the Biks] are not intending to hire replacement counsel . . . they understand that that means [KEP wi]ll go to default . . . .").)

The Court then engaged in an extended colloquy with Jeroen Bik regarding the now-certain consequences of counsel's withdrawal.   (*See id.* at 8:19–12:16.)    The Court cautioned Jeroen Bik that KEP could not represent itself and the Biks could not represent KEP, so KEP's lack of legal counsel meant that KEP's answer would be stricken and default entered against it.   (*Id.* at 9:14–10:2.)  Full Tilt indicated an intent to move for default judgment against KEP, and the Court informed Jeroen Bik that, as KEP and the Biks "are jointly and severally liable" pursuant to the summary judgment order, "what happens to KEP is going to happen to the Biks."   (*Id.* at 10:4–7.)  Then, with Jeroen Bik's consent, the Court granted Schorr Law APC's request to withdraw from representation, struck KEP's answer, and directed the Clerk to enter KEP's default.   (*Id.* at 19:19–25.)

**E.    KEP's Default Judgment**

Full Tilt then moved for entry of default judgment on its remaining claims against KEP: first, for rescission of the franchise agreement and rescission damages; in the alternative, breach of contract, breach of good faith and fair dealing, and unfair competition, and associated damages; or as a final alternative, unjust enrichment and restitution.   (*See* Mot. Default J., ECF No. 279.)  On March 8, 2023, at the hearing on Full Tilt's motion, with the Biks, Full Tilt, and Full Tilt's counsel present, Full Tilt confirmed that it elected the remedy of rescission, in lieu of pursuing its other

remaining claims.  (Mar. 8 Tr. 5:18–22, ECF No. 291.)  Full Tilt specified that this election included the caveat that the Court had already found the Biks were jointly and severally liable with KEP for its CFIL violations.  (*Id.* at 5:24–6:4.)  In light of Full Tilt's election of the rescission remedy, the Court explained that "this means we're not going to be pursuing unjust enrichment against the Biks," which was the only claim remaining against them, so the prove-up on rescission damages was "solely against KEP, who is without counsel."  (*Id.* at 6:23–25.)  Because no claims remained against the Biks, and because the Biks could not appear on KEP's behalf, the Court informed the Biks that they were excused.  (*Id.* at 7:2–3.)  For the balance of the hearing, the Court received Full Tilt's evidence in support of rescission damages against KEP. (Order Granting Mot. Default J. ("Order MDJ") 2, ECF No. 293.)

On March 21, 2023, the Court granted Full Tilt's motion for entry of default judgment against KEP as to rescission, and awarded Full Tilt rescission and punitive damages against KEP.  (*Id.* at 10–17.)  The Court specified that the Biks were jointly and severally liable with KEP on these damages, pursuant to the Court's summary judgment order and California Corporations Code section 31302.[2]  (*Id.* at 13 (citing Order MSJs 21–22).)

**F.    Final Judgment**

Default judgment against KEP as to rescission of the franchise agreement resolved all remaining claims.  Accordingly, the Court entered the final judgment summarizing the Court's dispositive rulings.  First, the judgment reflected the Court's partial summary judgment in favor of Defendants, on Full Tilt's claims for fraudulent misrepresentation, fraudulent omission, negligent misrepresentation, violation of the Nevada Deceptive Trade Practices Act, and intentional interference with contractual relations.  (J. ¶ 1.)  Second, the judgment reflected the Court's partial summary judgment in favor of Counter Defendants Full Tilt and Kirner, on all of KEP's

---

[2] Section 31302 reads: "Every person who directly or indirectly controls a person liable under Section 31300 or 31301 [for violations of the CFIL] . . . are also liable jointly and severally *with and to the same extent as such person* . . . ."  Cal. Corp. Code § 31302 (emphasis added).

counterclaims.  (*Id.* ¶ 2.[3])  Third, the judgment reflected the Court's partial summary judgment in favor of Full Tilt, on Full Tilt's claim for Defendants' violations of the CFIL and the Biks' statutory joint and several liability therefor.  (*Id.* ¶ 3.)  It also reflected the Court's default judgment in favor of Full Tilt and against KEP as to rescission of the franchise agreement based on KEP's CFIL violations.  (*Id.*)  Finally, the judgment reflected the Court's award to Full Tilt of $1,020,514.00 in rescission damages and $49,000.00 in punitive damages against KEP, and stated the Biks are jointly and severally liable with KEP for these damages.  (*Id.* ¶ 4.)  In light of Full Tilt's election of remedies, the Court dismissed all remaining claims.  (*Id.* ¶ 5.)

## G.    Motions to Alter or Amend the Judgment

The parties remain dissatisfied with the Court's considered resolution of issues. Full Tilt moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), to include an award of attorneys' fees and costs in the judgment.  (*See generally* FT Mot.)  The Biks also move to alter or amend the judgment pursuant to Rule 59(e), on the grounds that the Court erroneously entered default judgment against them, in violation of their due process rights and after barring them from the prove-up hearing.  (Biks Mot. 5–6.)  The Biks alternatively move on the same grounds for a new trial pursuant to Rule 59(a) or relief from judgment pursuant to Rule 60(a) or (b).  (*Id.* at 2, 15–16.)  The Biks have also appealed the Judgment.  (Notice of Appeal, ECF No. 336.)

The Court considers the parties' post-judgment motions in turn.

## III.    LEGAL STANDARDS

**Rule 59(e)** permits a district court to reconsider and amend a previous order or judgment.  The rule offers "an extraordinary remedy which should be used sparingly,"

---

[3] The judgment states that Full Tilt and Kirner shall have judgment in their favor on "KEP Fortune, LLC, Jeroen Bik, and Miray Bik's counterclaims."  (J. ¶ 2.)  However, as the Biks did not assert counterclaims, the judgment's second paragraph should not have listed them.  (*See* Countercl.; Order MSJs 23–24 (granting partial summary judgment to Full Tilt and Kirner on KEP's counterclaims).) An amended Judgment correcting this clerical error will issue.  Fed. R. Civ. P. 60(a).

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), and "should not be granted, absent highly unusual circumstances" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (quoting *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)).  A timely Rule 59(e) motion "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. ---, 140 S. Ct. 1698, 1703 (2020).

**Rule 59(a)** governs motions for a new trial.  Under Rule 59(a), a court may grant a new trial "on all or part of the issues, 'for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 946 (C.D. Cal. 2015) (quoting Fed. R. Civ. P. 59(a)), *aff'd*, 702 F. App'x 561 (9th Cir. 2017).  This includes a verdict that is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

**Rule 60** provides for reconsideration of a final judgment, order, or proceeding.  Subsection (a) authorizes corrections based on clerical mistakes, and subsection (b) authorizes relief including on a showing of "(1) mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(a), (b).

## IV.    FILL TILT BOOGIE'S MOTION

Full Tilt moves the Court to amend the judgment "to include an award of Plaintiff's attorneys' fees in the amount of $338,446.85" and costs "in accordance with [Rule] 59(e) and this Court's Local Rules 54-2 and 55-3."    (FT Mot. 3.)

Although Full Tilt invokes the Court's Local Rules as grounds for its motion, it fails to comply with other essential Local Rules, resulting in denial of the motion.

First, Full Tilt fails to comply with Local Rule 7-3, which requires "counsel contemplating the filing of any motion [to] first contact opposing counsel," at least seven days prior to filing, "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The Court may decline to consider a motion" that does not comply with Local Rule 7-3. C.D. Cal. L.R. 7-4; *see Hooks v. Target Corp.*, No. 5:22-cv-00052-SSS (SPx), 2023 WL 5505016, at *1 (C.D. Cal. July 25, 2023) (declining to consider motion for reconsideration where counsel met and conferred only three days before filing motion). Courts generally exercise this discretion when the failure to meet and confer is prejudicial. *Jauregui v. Nationstar Mortg. LLC*, No. 5:15-cv-00382-VAP (KKx), 2015 WL 2154148, at *2 (C.D. Cal. May 7, 2015).

Full Tilt did not meet and confer with Defendants at all in advance of filing its motion. (*See generally* Notice of Mot., ECF No. 295.) The Court directed Full Tilt to explain the omission. (*See* Min. Order, ECF No. 298.) In response, counsel for Full Tilt declared its compliance because "Defendants in this matter are unrepresented and there is no opposing counsel with whom Plaintiff's counsel can confer." (Second Decl. David C. Van Dyke ISO FT Mot. ¶ 3, ECF No. 299.) However, "counsel" in the Local Rules "applies to parties pro se." C.D. Cal. L.R. 1-3. Thus, to comply with Local Rule 7-3, Full Tilt was obligated to meet and confer with the Biks, who were proceeding pro se at the time. As discussed below, this failure caused the Biks prejudice in opposing the motion. In light of Full Tilt's failure to comply with either the spirit or the letter of Local Rule 7-3, the Court declines to consider the motion. *See Hooks*, 2023 WL 5505016, at *1; *Lee v. Delta Air Lines Inc.*, No. 2:20-cv-08754-CBM (JEMx), 2022 WL 17078109, at *2 (C.D. Cal. Aug. 3, 2022) (denying motions for reconsideration based on failure to comply with Local Rule 7-3).

Second, Full Tilt also fails to comply with Local Rule 6-1, which requires that a motion be noticed no sooner than twenty-eight days after the motion is filed. C.D. Cal. L.R. 6-1; *Brooke v. Grand Champions, LLC*, No. 5:19-cv-0133-DSF (SPx), 2019 WL 8219407, at *1 (C.D. Cal. Sept. 16, 2019) (denying motion for failure to comply with Local Rule 6-1). Full Tilt filed its motion on April 4, 2023, and noticed the hearing for April 24, 2023, only twenty days later. This wholly eclipsed the Biks' time to oppose. *See* C.D. Cal. L.R. 7-9 (requiring oppositions be filed twenty-one days before the noticed hearing date). Although the Court continued the hearing to May 1, 2023, Full Tilt's shortened notice nevertheless prejudiced the Biks because they had retained new counsel who was denied the necessary time to get up to speed on the case before the opposition deadline. (*See* Decl. Joseph S. Klapach ISO Biks' Opp'n ¶ 2, ECF No. 304.)

Full Tilt argues that once it learned of the Biks' new counsel, it offered to stipulate to the Biks' supplementing their opposition, but the Biks declined. (*See* Decl. Jonathan R. Martin ISO Full Tilt Reply ¶¶ 4–5, ECF No. 311.) Full Tilt argues that the Biks thus had an opportunity to mitigate any prejudice and failed to do so. (*See* Full Tilt Reply 2–3, ECF No. 310.) However, it was Full Tilt's decision to short-notice Defendants and deny them a full opportunity to respond. Full Tilt's erroneous belief that Defendants would not oppose, (*see id.* at 3 (arguing the notice given was reasonable because "it appeared that no defendant was going to continue defending itself in this action")), does not excuse Full Tilt's disregard of Local Rules.

Moreover, had Full Tilt met and conferred with the Biks prior to filing its motion as required, Full Tilt would have learned about the Biks' new counsel before filing. The parties could have then crafted a briefing schedule that complied with Local Rule 6-1 and accommodated the needs of all parties, likely resulting in a more fulsome briefing of the issues. *See Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. 2:09-cv-02140-PSG (JCx), 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) ("The meet and confer requirements of Local Rule 7-3 are in place for a

reason.").   Full Tilt's failure to provide adequate notice pursuant to Local Rule 6-1 prejudiced the Biks and also warrants denial.  *See Astral Ip Enter. v. OHealthApps Studio*,  No. 2:23-cv-00607-MCS  (JPRx),  2023 WL  5444334,  at *1–2  (C.D. Cal. June 20, 2023) (denying motion for failure to comply with Local Rules 6-1 and 7-3).

Full Tilt's failure to meet and confer and to provide adequate notice prejudiced the Biks' opportunity to meaningfully oppose.  For these reasons, the Court declines to consider and, on that basis, **DENIES** Full Tilt's motion.

## V.   THE BIKS' MOTION

Turning to the Biks' motion, they move for an order altering or amending the judgment pursuant to Rule 59(e) or, in the alternative and on the same grounds, for a new trial pursuant to Rule 59(a) or an order granting relief from judgment pursuant to Rules 60(a) or (b).  (Biks Mot. 5–6.)  The Biks argue the Court erroneously entered default judgment against them, in violation of their due process rights and after barring them from the prove-up hearing.  (*Id.*)  They seek an order amending the judgment to "remove that portion which purports to hold them 'jointly and severally' liable," or alternatively a new trial on their joint and several liability for KEP's damages or an order 'set[ting] aside th[e] default judgment against the Biks" based on either the Court's clerical error or the Biks' mistake or excusable neglect.  (*See id.* at 15, 16.)   Full Tilt opposes, raising substantive and procedural bases for denial. (Full Tilt Opp'n Biks Mot. ("FT Opp'n") 1, ECF No. 343.)

## A.   Judgment is Not Erroneous

The Biks first contend the Court erroneously entered a default judgment against them for recission because Full Tilt alleged and moved for default judgment on rescission against only KEP.  (Biks Mot. 7–10.)   They also argue that default judgment against the Biks is erroneous because the Biks have appeared in this action and are not in default.  (*Id.* at 9–10.)  These arguments misconstrue the Court's order granting default judgment as well as the Court's final judgment, and are therefore unavailing.

1    Where a party is not named as a defendant, a judgment against them will not

2    stand.  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546

3    (9th Cir. 1989) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110

4    (1969)).  With respect to judgment by default, a district court has discretion to enter

5    default judgment against a defendant only on claims asserted against them and only

6    after default has been entered against that defendant.  Fed. R. Civ. P. 54(c), 55(a)–(b);

7    *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

8    Simply put, the Court did not enter default judgment against the Biks.  An

9    overview of the procedural history in the case makes this clear.  In July 2022, the

10   Court granted partial summary judgment against KEP for violations of the CFIL.

11   (Order MSJs 20–21.)  In that same order, pursuant to California Corporations Code

12   section 31302, the Court held the Biks statutorily jointly and severally liable with

13   KEP for its CFIL violations.  (*Id.* at 22.)  Thus, the Biks are liable "with and to the

14   same extent as" KEP under the CFIL.  Cal. Corp. Code § 31302.  Eight months later,

15   in April 2023, after the Biks discharged their second counsel and the Clerk entered

16   KEP's default, the Court granted entry of default judgment against KEP for rescission

17   of the franchise agreement.  (*See* Order MDJ 6–9, 17 (citing Cal. Corp. Code

18   § 31300).

19   Rescission is a remedy for violations of the CFIL, not an independent cause of

20   action.  *See* Cal. Corp. Code 31300[4]; *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,

21   890 F.2d 165, 170 (9th Cir. 1989) (affirming rescission of franchise agreement and

22   noting that "[r]escission is an equitable remedy"); *Am. Online, Inc. v. Superior Ct.*,

23   90 Cal. App. 4th 1, 11 (2001), *as modified* (July 10, 2001) (listing sections 31300 and

24   31302 as among the "strong remedial provision[s] for violations of the" CFIL).  As

25   the Biks are jointly and severally liable "with and to the same extent as" KEP for

26

27   [4] Section 31300 provides: "Any person who offers or sells a franchise in violation of [the CFIL] . . .
shall be liable to the franchisee or subfranchisor, who may sue for damages caused thereby, *and if*
28   *the violation is willful, the franchisee may also sue for rescission.*"   Cal. Corp. Code § 31300
(emphasis added).

KEP's willful CFIL violations, Cal. Corp. Code § 31302, the Biks are thus jointly and severally liable for the damages flowing from rescission of the franchise agreement, *see Dollar Sys.*, 890 F.2d at 176 (affirming joint and several liability for rescission damages pursuant to section 31302 of officers and directors of entity that violated CFIL); *Neptune Soc'y Corp. v. Longanecker*, 194 Cal. App. 3d 1233, 1247 (1987) (affirming imposition of personal liability for rescission pursuant to section 31302 against individuals who controlled entity that violated CFIL). This includes rescission and punitive damages. *Cf. Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1129 (9th Cir. 2009) (finding statutory liability of general contractor for debts of subcontractor to encompass all damages and attorneys' fees flowing from that indebtedness).

The judgment finding the Biks jointly and severally liable, "with and to the same extent as" KEP, for KEP's violations of the CFIL is not erroneous. (*See* Order MSJs 21–22 (citing Cal. Corp. Code § 31302).)

**B.    Judgment Does Not Violate Due Process**

The Biks next contend the Court violated their due process rights when it directed them to leave the courtroom, conducted a trial against them in absentia, and entered default judgment against them without giving them an opportunity to defend themselves. (Biks Mot. 10–15.)   Jeroen Bik asserts, "[i]f we had known that this Court planned to hold us jointly and severally liable as individuals for over $1 million in rescission damages and punitive damages, we would have remained at the March 8, 2023 hearing and presented the testimony and documentary evidence that we had so carefully prepared."   (Decl. Jeroen Bik ISO Biks Mot. ("Bik Decl.") ¶ 5, ECF No. 316.)

"In the absence of extraordinary circumstances, procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." *Tom Growney Equip. v. Shelley Irrigation Dev.*, 834 F.2d 833, 835 (9th Cir. 1987) (citing *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). "Procedural

due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978).

Preliminarily, and for clarity, the Court did not direct the Biks to leave the courtroom. In light of Full Tilt's election of remedies and the posture of claims, the Court excused the Biks as a matter of their discretion. (*See* Mar. 8 Tr. 6:23–7:3 ("[T]his means we're not going to be pursuing unjust enrichment against the Biks. . . [T]he Biks, you are excused.").)

Next, as explained above, the Court entered default judgment against KEP, not the Biks. The prove-up hearing on rescission damages thus proceeded solely against KEP, and was not, as the Biks colorfully contend, "a trial against [the Biks] in absentia." (Biks Mot. 4.) Moreover, as the Court advised the Biks at the February 23, 2023 hearing, their discharge of KEP's counsel meant that KEP was subject to default judgment and the Biks would not be permitted to offer argument or evidence on KEP's behalf. (*See* Feb. 23 Tr. 9:20.) Thus, to the extent Jeroen Bik contends the Biks would have "presented testimony and documentary evidence" at the prove-up hearing against KEP, (Bik Decl. ¶ 5), he is mistaken.[5]

Finally, the Biks were not denied due process. The Court found the Biks jointly and severally liable with KEP for CFIL violations in July 2022, when it granted Full Tilt partial summary judgment on the issue. (Order MSJs 19–22.) The Biks were

---

[5] The Biks also would not have been able to offer evidence or testimony on their own behalf at the prove-up hearing against KEP. Jeroen Bik asserts he would have offered evidence that the Biks did not willfully violate the CFIL and that Full Tilt's damages should have been reduced. (Bik Decl. ¶ 6.) However, as to willfulness, KEP's CFIL violations were established as willful based on KEP's default. (*See* Order MDJ 5–9.) Thus, whether the Biks also willfully violated the CFIL is irrelevant to the Court's conclusion that Full Tilt is entitled to rescind the franchise agreement. *See* Cal. Corp. Code § 31300 (permitting a franchisee to rescind a franchise agreement if the franchisor willfully violated the CFIL). As to Jeroen Bik's proffered evidence challenging the amount of damages, (*see* Bik Decl. ¶¶ 7–59; Compendium Exs., ECF Nos. 317–33), the evidence is barred either by the extensive discovery sanctions against Defendants or as an impermissible attempt to relitigate issues resolved on summary judgment. Thus, the Biks could not have introduced the proffered evidence at the prove-up hearing against KEP.

represented by counsel when they opposed Full Tilt's summary judgment motion and had notice and an opportunity to fully respond to Full Tilt's arguments on the issue of their liability.  After the Court issued its summary judgment ruling, the Biks retained new counsel, meaning a second legal representative was ethically obligated to explain the consequences of the liability ruling to the Biks.  Indeed, the Biks' second counsel affirmed on the record and in Mr. Bik's presence that the summary judgment ruling meant that "the Biks [we]re personally liable one way or another if there is a judgment in favor of Plaintiff," and that the Biks "underst[oo]d the consequences" of KEP's default.  (Feb. 23 Tr. 8:13–18.)  The Court also explained to Jeroen Bik that the Biks and KEP were jointly and severally liable, and this meant "what happens to KEP is going to happen to the Biks."  (*Id.* at 10:6–7.)  Finally, Full Tilt clearly included notice in its motion for default judgment that the Biks are jointly and severally liable with KEP for rescission.  (Mot. Default J. 9.)  At the March 8, 2023 hearing, Full Tilt stated on the record and in the Biks' presence that Full Tilt elected the remedy of rescission, with the caveat that the Biks are jointly and severally liable with KEP for CFIL violations.  (Mar. 8 Tr. 5:19–6:4.)

In light of the record in this action, particularly the Court's orders and colloquies with counsel and Jeroen Bik, the Court finds it extraordinary that the Biks claim they were unaware of their joint and several liability on KEP's CFIL violations or did not understand the effect of KEP's default on them as owners and controllers of KEP under the CFIL.  The assertion is simply not credible.  The Biks were found jointly and severally liable with KEP for KEP's CFIL violations on a fully briefed summary judgment motion.  They did not challenge that ruling despite having the benefit of multiple legal representatives.  And they knowingly elected to permit KEP's counsel to withdraw, after being fully informed by counsel and the Court of the consequences to KEP and themselves of a default judgment against KEP.  The Biks were not denied notice or an opportunity to be heard.

In sum, the Court's judgment against the Biks, finding them jointly and severally liable with and to the same extent as KEP pursuant to the CFIL, is not erroneous or a violation of their due process rights.  Accordingly, there are no highly unusual circumstances justifying the extraordinary remedy of altering the judgment under Rule 59(e); nor does the judgment represent a "miscarriage of justice" so as to warrant a new trial under Rule 59(a); it was not the result of mistake, inadvertence, surprise, or excusable neglect," under Rule 60(b); and the judgment does not contain clerical errors that require correction under Rule 60(a).  As the Biks do not establish any basis for the relief they seek, the Court **DENIES** the Biks' motion.

## C.   Procedural Matters

Full Tilt argues the Court should deny the Biks' motion on additional, procedural grounds.  (FT Opp'n 3–12.)  In light of the Court's disposition above, the Court need not engage with Full Tilt's procedural challenges.

The Court nevertheless addresses Full Tilt's ghostwriting objection because it is not well taken.  "Ghost-writing" occurs when an attorney "gather[s] and anonymously present[s] legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court." *Ricotta v. California*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998), *aff'd*, 173 F.3d 861 (9th Cir. 1999).  "Ghostwriting  pleadings for pro se litigants is, of course, wholly inappropriate and potentially sanctionable conduct." *Bernal v. Rodriguez*, No. 5:16-cv-00152-CAS (DTBx), 2016 WL 1610597, at *3 n.5 (C.D. Cal. Apr. 20, 2016) (citing *Ricotta*, 4 F. Supp. 2d at 986).

Contrary to Full Tilt's assertions, ghost-writing did not occur here.  This is readily apparent from a review of the docket.  The Biks' retained new counsel, who authored the Biks' motion.  However, when counsel's notice of appearance was incorrectly flagged as deficiently filed, the counsel-authored motion was also erroneously stricken from the docket.  Facing an imminent deadline, the Biks then re-filed their counsel-authored motion papers themselves.  The Biks' counsel was not

attempting to mislead the Court or Full Tilt by "anonymously presen[tin]g legal arguments" under the guise of a pro se litigant. *See id.* at 987. Full Tilt's suggestion that the Court strike the Biks' motion and sanction the Biks for improper ghostwriting, (*see* FT Opp'n 5), is ill received and demonstrates poor judgment.

### D.   Conclusion—Biks' Motion

The Court's judgment is not erroneous and the Biks were not denied due process. Therefore, the Court **DENIES** the Biks' motion.

## VI.   AMENDED ORDER AND JUDGMENT

To the extent the Court's order granting default judgment or final judgment may be ambiguous, the Court now sua sponte clarifies those rulings pursuant to Rule 60(a). The Biks' notices of appeal are not yet effective, pending disposition of these Rule 59(e) motions. *U.S. for Use of Pippin v. J.R. Youngdale Constr. Co.*, 923 F.2d 146, 148 (1991) (quoting Fed. R. App. P. 4(a)(4)) ("[A] notice of appeal filed before the disposition of a timely Rule 59(e) motion 'shall have no effect.'"). Even if they are effective, the Court retains jurisdiction to clarify ambiguities "consistent with the intent of the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (noting that a district court retains jurisdiction even after the filing of a notice of appeal "to correct clerical errors or clarify its judgment pursuant to [Rule] 60(a)"). Accordingly, simultaneous with this order, the Court issues an Order Amending Order Granting Default Judgment and an Amended Final Judgment, clarifying the Court's original intent for each, as discussed above.

///

///

///

///

///

///

## VII.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Full Tilt's Motion, (ECF No. 295), and **DENIES** the Biks' Motion, (ECF No. 315).  The Court sua sponte amends the Order Granting Default Judgment against KEP, (ECF No. 293), and the Final Judgment, (ECF No. 294), in accordance with the Court's original intent for those rulings.

**IT IS SO ORDERED**.

October 3, 2022

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**