**HOWARD & HOWARD ATTORNEYS PLLC**
David C. Van Dyke (Bar No. 294892)
Jonathan R. Martin (Pro Hac Vice)
dvd@h2law.com; jrm@h2law.com
200 S. Michigan Ave, Suite 1100
Chicago, IL 60604
Tel: 312-456-3641
Fax: 312-939-5617
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Full Tilt Boogie, LLC, a Nevada limited liability company,<br><br>    Plaintiff/Counter-Defendant,<br><br>    v.<br><br>KEP Fortune, LLC, a Delaware limited liability company, et al.,<br><br>    Defendant/ Counter-Plaintiff. | Case No.: 2:19-cv-09090-ODW-KES<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54**<br><br>Hon. Otis D. Wright, II |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Plaintiff Full Tilt Boogie, LLC ("Plaintiff") files this Reply in Support of Plaintiff's Notice of Motion and Motion to Amend Judgment to Include Plaintiff's

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

1

Attorneys' Fees or, in the Alternative, to Grant Plaintiff Its Attorneys' Fees Under FRCP 54 (the "Motion") in response to Defendants Jeroen and Miray Biks' (collectively, the "Biks") opposition to the same. The Biks' opposition challenges Plaintiff's Motion both procedurally and substantively. Plaintiff will demonstrate to this Court how Plaintiff's Motion is brought in good faith and merits consideration.

### A. Plaintiff Acknowledges the Time Restrictions of a Renewed FRCP 59(e) Motion

Plaintiff acknowledges the timeliness standard of Federal Rule of Civil Procedure ("FRCP") 59(e) motions as set out in the relationship between FRCP 59(e), FRCP 6(b)(2), FRCP 60(a), and the persuasive precedent outlined in *Hodge*. *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155 (2nd Cir. 2001). Importantly, however, Plaintiff's reliance on FRCP 59(e) for its post-judgment motion practice was brought in good faith and is supported by case law.

As the Biks point out in their opposition, FRCP 59(e) is not the traditional method of seeking attorneys' fees, and with that, Plaintiff agrees. Where the Biks incorrectly apply the case law, however, is when the Biks stated that "the Supreme Court held that a prevailing party *cannot* move to recover attorney's fees under Rule 59(e)." Opposition to the Motion p. 9 line 10 [Dkt. No. 366] (emphasis added). Instead, the case law that the Biks rely on to support this assertion, in fact supports Plaintiff's position.

In *White*, the Supreme Court held that "the federal courts *generally* have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982). The Supreme Court then goes on to provide its reasoning behind the holding by stating that an inquiry into whether attorneys' fees should be awarded would "require an inquiry separate from the decision on the merits … that cannot even commence until one party has 'prevailed' [and that] attorney's fees [cannot] fairly be characterized as an element of 'relief' indistinguishable from other elements." *Id.* at

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

2

452. Again, with this, Plaintiff agrees. However, the holding and the reasoning do not stop there. The Supreme Court goes on to state that under 42 U.S.C. § 1988, attorneys' fees are not "compensation for the injury giving rise to [the] action." *Id.* There, the Supreme Court suggests that if the attorneys' fees are an element of relief in the underlying elements of an action or if the attorneys' fees are compensation for the injury giving rise to the action, then it may be appropriate to ask a district court to amend its judgment to include attorneys' fees under FRCP 59(e). The Supreme Court affirmatively stated such in its holding in *Buchanan* when the Supreme Court held that FRCP 59(e) may be the appropriate channel "if expenses of this sort (attorneys' fees) *were provided as an aspect of the underlying action*." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) (emphasis added).

Here, Plaintiff's entire post-judgment motion practice has followed this line of reasoning. This Court awarded Plaintiff recission of the Franchise Agreement and the appropriate damages. Both of Plaintiff's motions have requested that this Court amend its judgment to include attorneys' fees as a recission damage. Accordingly, even if Plaintiff's request under FRCP 59(e) is time barred, Plaintiff's request for relief under FRCP 59(e) has always been brought in good faith and is supported by the relevant statutes and case law. Plaintiff's original motion to amend was denied for procedural reasons, and this Court never reached the merits of Plaintiff's first motion. Accordingly, Plaintiff's continued reliance on its position is also in good faith.

**B. Should this Court Decline to Entertain a FRCP 59(e) Motion at this Time, this Court Can and Should Consider Plaintiff's Alternative Request for Relief Under FRCP 54(d)**

In their opposition, the Biks repeatedly assert that this Court is barred from considering Plaintiff's Motion as an untimely FRCP 54(d) motion. This, however, runs contrary to the case law. District courts have broad discretion to consider the merits of late FRCP 54(d) motions. *See Star Northwest, Inc. v. City of Kenmore*, 280 Fed.Appx.

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

3

654, 658 (9th Cir. 2008) (Regardless of whether the motion was untimely, the district court had discretion to reach the merits of the late motion.); *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007) (While the district court would not have abused its discretion in granting Malone's fee application, it did not abuse its discretion in denying it.); *El-Said v. BMW of North America, LLC*, 819CV02426JLSJDE, 2023 WL 3551959 at *2 (C.D. Cal. Mar. 23, 2023) (*quoting Reasonover v. St. Louis County*, 447 F.3d 569, 579 (8th Cir. 2006) ("District Courts have broad discretion to set filing deadlines and enforce local rules.")).

In the instant Motion, Plaintiff requested alternative relief as an untimely motion pursuant to FRCP 54(d). Plaintiff provided a lengthy analysis that, should this Court decline to entertain a FRCP 59(e) motion, this Court can and should find that Plaintiff has good cause and excusable neglect for the untimely filing. Plaintiff's analysis included the relevant case law and an examination of the factors required to find excusable neglect. Notably, <u>the Biks never opposed this analysis</u>.

Again, Plaintiff's reliance on FRCP 59(e) throughout its post-judgment motion practice has been in good faith and supported by law. As such, Plaintiff should not be barred from relief based solely on procedural shortcomings. Instead, if this Court declines to hear the instant Motion as a FRCP 59(e) motion, then Plaintiff should be afforded the opportunity to obtain relief under FRCP 54(d).

If this Court elects to entertain this Motion as a FRCP 54(d) motion, Plaintiff has already provided an in-depth analysis on why Plaintiff is entitled to attorneys' fees, to which the Biks had ample opportunity to address in their opposition but elected not to do so. Accordingly, this Court can and should grant Plaintiff's request for relief under FRCP 54(d) outright. However, if this Court entertains this matter under FRCP 54(d), and if this Court would like a full briefing by both parties, then Plaintiff requests that this Court find that Plaintiff has established good cause and excusable neglect and that this Court invoke FRCP 6(b) to enlarge the time for Plaintiff to file a standalone FRCP

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

4

54(d) motion to which the Biks can adequately oppose.

### C. The Requested Fees are Not Excessive

The Biks only offer a few reasons why Plaintiffs requested fees are unreasonable, each of which is unsupported: 1) there were too many attorneys working on the case; 2) Plaintiff's attorneys use block billing methods; and 3) the amount is excessive given the case only had a few motions and was resolved by default judgment.

First, only five attorneys worked on this case for more than 30 hours, and of those five, only three of those attorneys are still with the law firm of Howard & Howard Attorneys PLLC. While ten attorneys may have touched the case at any given time, only six of those attorneys billed more than five hours, and only three of those attorneys billed over one hundred hours, as was necessary to litigate this matter for four years.

Second, *Welch*, the case that the Biks rely on to argue that block billing should be reduced, in fact resulted in the Ninth Circuit's vacating the district court's 20 percent across-the-board reduction for block billing, stating that "barely more than half of all hours submitted" was block billing. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Instead, the Ninth Circuit ruled that if the district court wanted to reduce the hours because of block billing, the district court should "'explain how or why … the reduction … fairly balances' [the] hours that were actually billed in block format." *Id.*

Here, a superficial review of Plaintiff's counsel's invoices will show that there are few entries that involve block billing. Accordingly, by virtue of the case that the Biks cited, any across-the-board reduction of hours would be inappropriate.

Finally, the Biks' allegation that this case was nothing more than "a case that required only a handful of motions and was ultimately resolved by a default judgment" is disingenuous. Rather, this case is the result of four years of intensive litigation which involved the nuances of California franchise law and procedural peculiarities that required time to research and analyze. Indeed, this matter only resulted in default

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

5

judgment because of the defendants' actions.

Accordingly, as set out in detail in Plaintiff's motion, the attorneys' fees and costs are reasonable and this Court should amend its judgment against KEP, jointly and severally with the Biks, to include attorneys' fees and costs.

**D. Conclusion.**

For the reasons outlined above, this Court should grant Plaintiff's Notice of Motion and Motion to Amend Judgment to Include Plaintiff's Attorneys' Fees or, in the Alternative, to Grant Plaintiff Its Attorneys' Fees Under FRCP 54.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: December 4, 2023          By: */s/ David C. Van Dyke*
David C. Van Dyke (Bar No. 294892)
Jonathan R. Martin (Pro Hac Vice)
dvd@h2law.com; jrm@h2law.com
200 S. Michigan Ave, Suite 1100
Chicago, IL 60604
Tel: 312-456-3641
Fax: 312-939-5617
*Attorneys for Plaintiff*

### L.R. 11-6.2 Certification

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,665 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 4, 2023

*/s/ David C. Van Dyke*
David C. Van Dyke

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

6

# CERTIFICATE OF SERVICE

I, David C. Van Dyke, hereby declare, pursuant to 28 U.S.C. § 1746 and L.R. 5-3.1.2, that, on December 4, 2023, I electronically filed a copy of the foregoing document entitled, NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54, with the Clerk of the Court via the Court's CM/ECF system, and that I caused a true and accurate copy of the same to be served by first-class, United States mail, postage prepaid, upon the following non-CM/ECF participants:

Miray Bik, Individually

Email: mk@kleinepsteinparker.com

Jereon Bik
Individually, and as Registered Agent
For KEP Fortune
107 S. Robertson Blvd
West Hollywood, CA 90048

Email: jb@kleinepsteinparker.com

I hereby declare under penalty of perjury that the foregoing is true and correct.

/s/ David C. Van Dyke
David C. Van Dyke

Executed on: December 4, 2023

REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO INCLUDE PLAINTIFF'S ATTORNEYS' FEES OR, IN THE ALTERNATIVE, TO GRANT PLAINTIFF ITS ATTORNEYS' FEES UNDER FRCP 54

7